620 F.2d 957
 104 L.R.R.M. (BNA) 2247, 88 Lab.Cas. P 12,036
 MEDLIN, Mitchel C., Theurer, James, Reed, William and
McClintock, Earl, DeVault, Donald C.,
v.
BOEING VERTOL COMPANY, Bowers, James and Owens, E.
v.
LOCAL 1069 OF the UNITED AUTOMOBILE AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW).
Medlin, Mitchel C., Theurer, James, Reed, William and
McClintock, Earl, DeVault, Donald C., Appellants
in No. 79-1027
Boeing Vertol Company, Appellant in No. 79-1028
Local 1069 of the United Automobile Aerospace and
Agricultural Implement Workers of America (UAW),
Appellant in No. 79-1029.
 Nos. 79-1027 to 79-1029.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 15, 1979.
Decided April 22, 1980.
 
 John W. Nails, Chester, Pa. (argued), for Mitchel C. Medlin, James Theurer, William Reed, Earl McClintock and Donald C. DeVault.
 Paula R. Markowitz (argued), Markowitz & Richman, Philadelphia, Pa., for Local 1069 of the United Automobile, Aerospace and Agricultural Implement Workers of America (UAW).
 Jerome A. Hoffman (argued), Jeffrey G. Weil, Barbara P. Ianacone, Dechert Price & Rhoads, Philadelphia, Pa., for Boeing Vertol Company, James and Owens E. Bowers.
 Before HUNTER, WEIS and GARTH, Circuit Judges.
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge.
 
 
 1
 1. In this appeal we have raised, sua sponte, the question of subject matter jurisdiction.[1] The original action was filed in state court by five employees against their former employer, Boeing Vertol Company. The employer filed a third party action against the union, Local 1069 of the United Automobile, Aerospace and Agricultural Implement Workers of America, which had represented the employees. The case was removed by the union to federal district court without objection where it was decided on the merits. Because we conclude that the district court did not have subject matter jurisdiction to adjudicate plaintiffs' claims we will vacate the judgment of the district court and remand to the district court with instructions to remand the case to the state court.
 
 
 2
 * 2. Plaintiffs, five former employees of Boeing Vertol, were originally laid off by the company between 1969 and 1970. In early 1973 they were sent notices offering them reinstatement with their previously accrued seniority if they accepted immediately. Each plaintiff promptly quit other jobs and accepted the offer.
 
 
 3
 3. Shortly after their return to Boeing Vertol, however, they were informed by the company that it had erroneously interpreted the relevant provision of the collective bargaining agreement and that, in fact, they were not entitled to their prior seniority. In May 1973 the Union filed a grievance on behalf of the employees. The grievance claimed that the company's original interpretation of the collective bargaining agreement was correct and that the new interpretation constituted a unilateral change in the binding agreement by the company. The dispute was eventually submitted to arbitration and, on July 17, 1975, was resolved in favor of the company's interpretation of the contract.
 
 
 4
 4. Meanwhile, in May 1975, the plaintiffs were once again laid off. In March 1977 four of the plaintiffs brought this action in the Court of Common Pleas of Delaware County, Pennsylvania alleging misrepresentation in the reinstatement letter and breach of the contract created by the letter. They were joined in February 1978 by the fifth plaintiff.[2]
 
 
 5
 5. Boeing Vertol, in defense, alleged that the layoffs in 1975 took place pursuant to the collective bargaining agreement and that the only contract between Boeing and the plaintiffs was that agreement. Moreover, Boeing asserted that all five plaintiffs were, at all relevant times, employees of the Company and that the collective bargaining agreement provides that "the exclusive remedy for the disposition of any claim, dispute or grievance of any kind of any employee against the Company" shall be the grievance procedure of the bargaining agreement. Therefore, the company argues, the failure to process their misrepresentation and breach of contract claim through the grievance procedure forestalls the instant lawsuit.
 
 
 6
 6. In May of 1978, Boeing Vertol filed a third party complaint which joined Local 1069 as an additional defendant in the suit. See Pa.R.Civ.P. 2252-2255. The complaint by the company against the union contains two counts. It alleges first, that it was the union's false representation which misled the plaintiffs and caused their injury, and second, that the union should have processed the plaintiffs' misrepresentation claim through the mandatory grievance procedure. On each of these counts, Boeing Vertol contends, in the alternative, that the union is solely liable to the plaintiffs, but that if Boeing is liable, the union is jointly and severally liable, and that if Boeing is liable, it is entitled to recover all amounts it has expended, in indemnity from the union.
 
 
 7
 7. The union promptly removed the case to federal court on the ground that Boeing Vertol's complaint stated a federal cause of action against the union. Removal was not challenged, and the district court proceeded to trial on the merits of the case. The trial, however, was terminated at the conclusion of the employees' case. No evidence was received on the third party claim.
 
 II
 
 8
 8. At the outset, we must emphasize the nature of our inquiry. Because removal was not challenged in this case, our purpose is not to review the procedures utilized in this case for compliance with the general federal removal statute. 28 U.S.C. § 1441 (1976). Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). Any irregularity in these procedures has been waived. See American Fire & Cas. Co. v. Finn, 341 U.S. 6, 16-17, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951).
 
 
 9
 9. It is beyond dispute, however, that failure to challenge removal cannot confer subject matter jurisdiction which it does not otherwise possess upon the federal district court. See Id. at 17-18, 71 S.Ct. at 542 ("The jurisdiction of the federal court is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties.") It is the responsibility of this court to inquire, sua sponte, into the question of the subject matter jurisdiction of the district court. Pharmadyne Laboratories, Inc. v. Kennedy, 596 F.2d 568, 570 n. 3 (3d Cir. 1979); In re Trimble Co., 479 F.2d 103, 110 (3d Cir. 1973); see Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); Cameron v. Hodges, 127 U.S. 322, 325, 8 S.Ct. 1154, 1155, 32 L.Ed. 132 (1888). The exact limits of our task have been set by the Supreme Court.
 
 
 10
 (W)here after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.
 
 
 11
 Grubbs v. General Electric Credit Corp., 405 U.S. at 702, 92 S.Ct. at 1347 (emphasis added).
 
 
 12
 10. We shall begin by examining each of the complaints to determine whether the case, as it first appeared in federal court, was properly within our subject matter jurisdiction. We then consider the claims as they stood at the time of judgment. Because we conclude that at no time during the proceedings was there a federal cause of action, we find it unnecessary to pass upon a number of thorny jurisdictional problems.[3]
 
 III
 
 13
 11. We first examine the third party complaint, filed by Boeing Vertol against the union, which provided the alleged basis for the removal of this case. The first count of that two count complaint alleges misrepresentation by the union to the plaintiff employees. This is a nonfederal claim which need not concern us here.
 
 
 14
 12. The second count of the complaint alleges that plaintiffs' claims should have been processed as a grievance under the terms of the collective bargaining agreement and that the collective bargaining agreement provides that the grievance procedure is the sole remedy for the disposition of claims by employees against the company. It is urged that these allegations state a cause of action for breach of the union's duty of fair representation. Boeing also contends that the complaint states a cause of action under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1976), for breach by the union of the collective bargaining agreement. We disagree with both arguments.
 
 
 15
 13. The duty of fair representation is the duty owed by the union to the employees to represent their interests fairly and in good faith. Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967); Humphrey v. Moore, 375 U.S. 335, 342, 84 S.Ct. 363, 367, 11 L.Ed.2d 370 (1964); Nedd v. United Mine Workers, 400 F.2d 103, 105-06 (3d Cir. 1968); Gainey v. Brotherhood of Ry. and S.S. Clerks, 313 F.2d 318 (3d Cir. 1963). This duty arises out of the union-employee relationship. Nedd v. United Mine Workers, 400 F.2d at 106, and the Labor Management Relations Act, 29 U.S.C. §§ 158-159 (1976), which creates and defines that relationship.[4] See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563-64, 96 S.Ct. 1048, 1055-56, 47 L.Ed.2d 231 (1976); Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967); Deboles v. Trans World Airlines, Inc., 552 F.2d 1005, 1013-14 (3d Cir.), cert. denied, 434 U.S. 837, 98 S.Ct. 126, 54 L.Ed.2d 98 (1977); Augspurger v. Brotherhood of Locomotive Eng'rs, 510 F.2d 853, 857-58 (8th Cir. 1975); Smith v. Local 25, Sheet Metal Workers Int'l Ass'n, 500 F.2d 741, 746 (5th Cir. 1974). To violate the duty, however, it is necessary that the union act with a bad faith motive. Augspurger v. Brotherhood of Locomotive Eng'rs, 510 F.2d 853, 859 (8th Cir. 1975); Balowski v. United Auto. Workers, 372 F.2d 829, 835 (6th Cir. 1967); Gainey v. Brotherhood of Ry. and S.S. Clerks, 313 F.2d 318, 323 (3d Cir. 1963); Hardcastle v. Western Greyhound Lines, 303 F.2d 182, 185 (9th Cir.), cert. denied, 371 U.S. 920, 83 S.Ct. 288, 9 L.Ed.2d 229 (1962). "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. at 190, 87 S.Ct. at 916. In order to state a claim for breach of this duty, it is essential that plaintiffs allege a bad faith motive on the part of the union. Gainey v. Brotherhood of Ry. and S.S. Clerks, 313 F.2d 318, 323 (3d Cir. 1963); accord, Anderson v. United Transp. Union, 557 F.2d 165, 168 (8th Cir. 1977); Balowski v. United Auto. Workers, 372 F.2d 829, 835 (6th Cir. 1967); Hardcastle v. Western Greyhound Lines, 303 F.2d 182, 186 (9th Cir.), cert. denied, 371 U.S. 920, 83 S.Ct. 288, 9 L.Ed.2d 229 (1962). The instant complaint contains no such allegation. A mere allegation that a grievance "should have been" processed through a grievance procedure does not satisfy this requirement. See generally Vaca v. Sipes, 386 U.S. at 191, 87 S.Ct. at 917. Accordingly, we hold that the second count of Boeing Vertol's complaint against the union does not state a federal cause of action for breach of the union's duty of fair representation.
 
 
 16
 14. Nor do we believe that the third party complaint alleges a cause of action under section 301(a). Section 301(a) does not grant jurisdiction over all disputes between unions and employees. This court has repeatedly stated that section 301(a) provides jurisdiction only over suits for violation of contracts between an employer and a labor organization.[5] See Leskiw v. International Bhd. of Electrical Workers, 464 F.2d 721, 722-23 (3d Cir.), cert. denied, 409 U.S. 1041, 93 S.Ct. 526, 34 L.Ed.2d 490 (1972); Adams v. Budd Co., 349 F.2d 368, 369-70 (3d Cir. 1965). The company has alleged no duty owed by the union to process all employee grievances. The only contractual provision cited by the company states that the grievance procedure is exclusive. There is no indication that this imposes a duty on the union to the company to process every grievance presented by employees.[6] Indeed, the contract itself, submitted as an exhibit to the company's pleadings, and incorporated therein by reference, provides that the processing of a grievance beyond step one proceeds only if a union representative "considers the grievance valid." Collective Bargaining Agreement, Article VI, § 1. Step one does not require union participation. In addition, the contract sets time limits which, if not adhered to, preclude further consideration of any grievance or render a grievance void. Collective Bargaining Agreement, Article VI, § 2. Finally, the contract describes the effect of a disposition of a grievance that is "accepted by the union." These provisions, which define the grievance procedure belie any claim of a duty on the union to process all grievances. Therefore, we conclude that the company has not stated a federal cause of action under section 301(a).
 
 IV
 
 17
 15. The company urges that jurisdiction may be based on the employees' complaint against Boeing Vertol. They argue that the complaint, in substance, alleges a cause of action under section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1976). Although we agree that we must look beyond the fact that section 301(a) is not expressly mentioned in the complaint and examine the true substance of the complaint, see Jones v. General Tire and Rubber Co., 541 F.2d 660, 664 (7th Cir. 1976); Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 376 F.2d 337, 340 (6th Cir. 1967), affd., 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), we do not agree that the substance of plaintiffs' claim falls within section 301.
 
 
 18
 16. As previously mentioned, section 301(a) provides jurisdiction only over suits for violation of contracts between an employer and a labor organization. See Leskiw v. International Bhd. of Electrical Workers, 464 F.2d at 722-23; Adams v. Budd Co., 349 F.2d at 369-70. In this case, the plaintiffs' claims are based only on the independent rights allegedly created by the letters of reinstatement. The collective bargaining agreement, and the arbitration which resulted therefrom, constituted no more than a backdrop for the plaintiffs' claim against the company for inducing them to return to Boeing under a false promise of seniority. Until the arbitration had been resolved, and the contract finally interpreted, the plaintiffs could not have claimed that Boeing's promise was false. Thus, these were not rights arising in any way under the collective bargaining agreement. Cf. Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S. 557, 558, 88 S.Ct. 1235, 1236, 20 L.Ed.2d 126 (1968) (heart of complaint was "no-strike" clause in collective bargaining agreement); Leskiw, 464 F.2d at 723 (rights asserted to be independent of labor contract). Accordingly, plaintiffs' claims are not within section 301(a).
 
 
 19
 17. Nor is jurisdiction conferred by the fact that the company raises the collective bargaining agreement in defense, as a bar to this action. First, it is doubtful that defendant alleges a violation of the collective bargaining agreement. The defense alleges only that the agreement interposes a bar to the instant action. However, even assuming, arguendo, that the defendant Boeing Vertol alleges a violation of the collective bargaining agreement, this court would not have jurisdiction over plaintiffs' claims.
 
 
 20
 18. Section 301(a) invokes the jurisdiction of 28 U.S.C. § 1337 (1976), which provides federal subject matter jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce. . . ." Avco Corp., 390 U.S. at 561-62, 88 S.Ct. at 1238 (quoting 28 U.S.C. § 1337 (1976)). The "arising under" requirement of section 1337 has been interpreted to be the same as that found in 28 U.S.C. § 1331, the grant of general federal question jurisdiction. Yancoskie v. Delaware River Port Authority, 528 F.2d 722, 725 (3d Cir. 1975); see Peyton v. Railway Express Agency, Inc., 316 U.S. 350, 62 S.Ct. 1171, 86 L.Ed. 1525 (1942) (discussing predecessor to section 1337). It is well settled that the existence of a federal defense to a nonfederal claim is insufficient to satisfy the "arising under" requirement. See Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). For an action to arise under federal law a right under federal law must be an element, and an essential one, of the plaintiffs' claim. Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). It is therefore clear that the invocation of the collective bargaining agreement in defense did not confer jurisdiction upon the district court.
 
 V
 
 21
 19. Although we have determined that none of the complaints, as they first appeared in federal court, stated federal causes of action, this does not end our inquiry. In ascertaining the existence of federal subject matter jurisdiction over a removed case, we must examine the posture of the case at the time of trial and when judgment is entered as well as at the time of removal. See American Fire & Cas. Co. v. Finn, 341 U.S. 6, 16-17, 71 S.Ct. 534, 541-542, 95 L.Ed. 702 (1951); Grubbs v. General Electric Credit Corp., 405 U.S. 699, 704-06, 92 S.Ct. 1344, 1348-49, 31 L.Ed.2d 612 (1972). In Finn, for example, the Supreme Court found jurisdiction to be lacking because of the presence of nondiverse parties not only at the time of removal, but also at the time of judgment. To our knowledge, however, this requirement has not yet been applied to federal question jurisdiction. We can conceive of two possible interpretations of the Finn Rule. If a claim is deemed to arise under federal law only when the complaint states a federal cause of action, it would be possible to confine the necessary inquiry to the face of the complaint as it existed at the time of trial or judgment. On the other hand, it may be sufficient to confer jurisdiction, that the claim itself, as it existed at the time of trial or judgment, was a claim arising under federal law. In this case, however, it is unnecessary to select an interpretation. If the first characterization is correct, we need only note that none of the complaints have been amended since the case first appeared in federal court. If the second interpretation is correct, we need only observe that later proceedings and materials submitted outside of the complaints neither changed the nature of any of the claims nor supplied the required missing elements of any of the purportedly federal claims. We therefore conclude that none of the claims in this case arose under federal law.
 
 VI
 
 22
 20. Our finding that no federal question is raised in this case does not end our inquiry into federal subject matter jurisdiction because it has been argued that diversity of citizenship exists. The employees note that one of the five plaintiffs is of diverse citizenship from the defendants and urge us to find the claim of that plaintiff to be separate and independent of those of the other plaintiffs. This, they contend, would establish jurisdiction over the entire case under 28 U.S.C. § 1441(c) (1976).[7]
 
 21. Section 1441(c) provides that:
 
 23
 Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.
 
 
 24
 Even assuming, without deciding, that the claim is separate and independent,[8] we believe the contention to be without merit. Section 1441(c) requires that the separate and independent claim "would be removable if sued upon alone." Section 1441(b), in defining removability, requires, in cases of removal based on diversity, that "none of the parties in interest properly joined and served as defendants (be) a citizen of the State in which such action is brought."[9] As all defendants in this case were citizens of the state in which the action was brought, Pennsylvania, the claim would not have been removable if sued upon alone. We therefore conclude that section 1441(c) does not provide a basis for jurisdiction over the instant case.
 
 VII
 
 25
 22. In light of the above, we believe that the district court improperly exercised subject matter jurisdiction over this case and, therefore, that the case was improperly removed. We, therefore, will vacate the judgment of the district court and remand the case to the district court with instructions to remand the action to the Court of Common Pleas of Delaware County, Pennsylvania.[10]
 
 
 
 [1]
 At the court's request, the parties have submitted supplemental briefs on this issue
 
 
 [2]
 The operative allegations were repeated in haec verba for each of the five plaintiffs
 The Defendants . . . knew or should have known at the time of sending out its original letter . . . that Plaintiff was not entitled to retain his seniority rights and therefore falsely represented to Plaintiff that he would retain his seniority rights in order to induce him to return to his employment with the Boeing Vertol Company.
 If the Defendant did not know at the time of sending out the letter . . . of the fact that (Plaintiff) was not entitled to his seniority rights then the company acted negligently in failing to discover this error. . . .
 The Defendant's letter . . . constituted an offer, included in the offer was the promise by Boeing Vertol Company that if the Plaintiff returned to work he would be given seniority rights dating back to (his original hiring date). Plaintiff's return to work constituted an acceptance of this offer and created a contract between the Plaintiff and the Defendant Boeing Vertol Company.
 The Defendant breached this contract in March of 1975, when it revoked the Plaintiff's original seniority rights. . . .
 
 
 [3]
 Specifically, we note that with this resolution of the case it is unnecessary to consider the effect of the doctrine of pendent jurisdiction which is ordinarily to be determined at the time of the pleadings, not on the facts as they may eventually be established. See Lentino v. Fringe Employee Plans, 611 F.2d 474, 478-79 (3d Cir. 1979). It is similarly unnecessary to decide whether, in this context, jurisdiction is properly exercised where a federal claim is alleged in a complaint, but is ultimately shown to be nonfederal or where no federal claim is alleged in a complaint, but the plaintiff's claim is eventually shown to be federal
 
 
 [4]
 We are doubtful as to whether a cause of action which "arises out of the union-employee relationship and pervades it," Nedd v. United Mine Workers, 400 F.2d at 106, may be raised by the employer, an outsider to that relationship. Because of our disposition of this case, however, we need not reach that question here
 
 
 [5]
 Section 301(a) provides:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 [6]
 We do not intimate that the clause in the contract which makes the grievance procedure the exclusive method of dispute resolution is not a valid defense to the employees' claims. We merely observe here that it does not serve to impose a duty on the union
 
 
 [7]
 We do not believe that the requirement of Grubbs that we consider only the original jurisdiction of the federal courts, see part II, supra, precludes this inquiry. It would be odd, indeed, to suggest that the federal courts could exercise removal jurisdiction pursuant to section 1441(c) over a claim not otherwise within its original jurisdiction when removal was challenged but may not exercise jurisdiction over the same claim when the removal is not challenged
 
 
 [8]
 Whether similar claims by multiple plaintiffs against a single defendant constitute "separate and independent" claims for purposes of 28 U.S.C. § 1441(c) is not clear. Compare Stokes v. Merrill Lynch, Pierce, Fenner & Smith, 523 F.2d 433, 437-38 (6th Cir. 1975); Northside Iron & Metal Co. v. Dobson & Johnson, Inc., 480 F.2d 798, 801 (5th Cir. 1973); Lowenschuss v. Gulf & Western Industries, Inc., 419 F.Supp. 342 (E.D.Pa.1976) (multiple plaintiffs' claims are separate and independent) with Schwartz v. Merrill Lynch, Pierce, Fenner & Smith, 424 F.Supp. 672, 673-74 (N.D.Cal.1976); U.S. Industries, Inc. v. Gregg, 348 F.Supp. 1004, 1011 (D.Del.1972), rev'd on other grounds, 540 F.2d 142 (3d Cir. 1976), cert. denied, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1091 (1977) (multiple plaintiffs' claims are not separate and independent)
 
 
 [9]
 28 U.S.C. § 1441(b) (1976) provides:
 Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
 
 
 [10]
 We note that the parties will not be prejudiced by this remand, since they will be able to return to state court unhampered by the statute of limitations. See 42 Pa.Cons.Stat.Ann. §§ 5503, 5103 (Purdon 1979 Pamphlet)