## Michael RILEY, Plaintiff,

v.

**LETTER CARRIERS LOCAL NO. 380 and National Association of Letter Carriers and United States Postal Service, Defendants.**

### Civ. A. No. 78–1414.

United States District Court,
D. New Jersey.

June 3, 1980.

eration of the Court's order entered April 14, 1980, which denied USPS's motion for summary judgment. By the terms of that order, the Court also granted the Union defendants' motion for summary judgment, finding as a matter of law that the defendant Unions did not breach their statutory duty of fair representation.

In its March 4, 1980 opinion, the Court found that it had subject matter jurisdiction over USPS under 39 U.S.C. § 1208(b) because plaintiff's suit was based on a contract between USPS and a labor organization representing USPS employees. In a footnote, the Court rejected USPS's defense that plaintiff Riley had failed to exhaust the grievance remedies available to him under the collective bargaining agreement, stating: "It might be found that the existence of the oral agreement induced plaintiff to refrain from pursuing the procedures specified in the collective bargaining agreement."

In this motion, defendant USPS submits that Riley's reliance on the alleged oral agreement is factually and legally irrelevant to the disposition of the case. USPS contends that the plaintiff must prove a violation of the Union's duty of fair representation before he can seek relief from the employer for breach of the contract. For support, plaintiff cites *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hubicki v. ACF Industries, Incorporated*, 484 F.2d 519 (3d Cir. 1973); and *Fountain v. Safeway Stores, Inc.*, 555 F.2d 753 (9th Cir. 1977).

Richard N. Shaine, Stark & Stark, Trenton, N. J., for plaintiff Riley.

John M. Donnelly, Sterns, Herbert & Weinroth, P. C., Trenton, N. J., for defendants Letter Carriers Local 380 and National Ass'n of Letter Carriers.

Mary Catherine Cuff, Asst. U. S. Atty., Trenton, N. J., for defendant U. S. Postal Service.

## OPINION

DEBEVOISE, District Judge.

This matter is before the Court pursuant to Local Rule 12(I) on defendant United States Postal Service's motion for reconsid-

*Vaca v. Sipes, supra*, held that the failure of the employee to secure relief through the contractual remedial procedures does not bar the employee from seeking judicial review of his breach of the contract claim against the employer if the employee proves that he has been prevented from exhausting his remedies by the Union's wrongful refusal to process the grievance. *Vaca* does not hold, however, that this is the *only* situation in which failure to exhaust contractual remedies may be excused. Indeed, *Vaca* specifically provides that the individual employee may resort to

the courts before the grievance procedures have been fully exhausted "when the conduct of the employer amounts to a repudiation of those contractual procedures". The Court reasoned that "the employer is estopped by his own conduct to rely on the unexhausted grievance and arbitration procedures as a defense to the employee's cause of action". 386 U.S. at 185, 87 S.Ct. at 914.[1]

Here, plaintiff Riley and the Union grieved plaintiff's discharge through the Civil Service procedures to the final decision of the Appeals Review Board. Plaintiff's grievance was denied at every stage on procedural grounds—not on the merits. Accepting plaintiff's allegations as true, which I must do for purposes of this motion, the decisions rendered on plaintiff's grievance were based on a false statement by USPS that it had not entered into an oral agreement with a representative of the Union to hold the grievance procedures in abeyance pending disposition of criminal proceedings against plaintiff. It is clear that while plaintiff pursued his grievance as far as he could, he did not, and was not allowed to, exhaust his contractual remedies on the merits.

An analogous situation arose in *Dogherra v. Safeway Stores, Inc.*, 484 F.Supp. 396 (N.D.Cal.1980). In *Dogherra*, the plaintiff claimed that she was wrongfully discharged by Safeway Stores. The reason given for her termination was that she had not informed the store of her desire to return within the requisite time period. Plaintiff contended that she told two management personnel, Mr. Clough and Mr. Martinez, that she wanted to return. The union initially dropped plaintiff's grievance because it had been unable to confirm plaintiff's alleged conversation with Martinez, but later sought to reopen plaintiff's grievance. The matter went to arbitration and was decided against plaintiff on procedural grounds. Thereafter, plaintiff brought suit

in federal court. The union was named as a defendant but was dismissed pursuant to a stipulation by the plaintiff.

The sole remaining defendant, Safeway Stores, brought a motion for summary judgment on the ground that the court had no jurisdiction because plaintiff did not allege and prove that the union had breached its duty of fair representation.

On deposition, Martinez admitted that he had been lying throughout the administrative and grievance proceedings and that plaintiff did, in fact, speak with him and with Clough concerning reinstatement within the required time period. The court correctly relied on *Vaca* for the proposition that the defense of failure to exhaust may be disregarded "when the employer interferes with the proper functioning of the contractual grievance procedures". *Id.* at 400. Thus, the court denied defendant's motion for summary judgment and concluded, "if plaintiff proves the alleged lie to union investigators undermined the integrity of the arbitration process and that the liar or liars were agents of defendant, then the arbitrator's decision may be disregarded and plaintiff's breach of contract claim may be heard in this court on the merits". *Id.* at 401.

Even though it appears in *Dogherra* and in the matter *sub judice* that the plaintiffs exhausted their contractual grievance procedures, the Court nevertheless addresses the requirement of exhaustion of remedies because the grievance decisions never reached the merits.

In *Nat. Post Office Mail Handlers v. U. S. Postal Serv.*, 594 F.2d 988 (4th Cir. 1979), the court stated:

> Where contractual remedies are unsatisfactory or unworkable by reason of *misconduct of the employer* or of the union, exhaustion of those remedies is unnecessary. *Id.* at 991. (Emphasis added; citations omitted.)

---

1. To the extent that the cited cases interpret 29 U.S.C. § 185(a) (Section 301 of the Labor-Management Relations Act) rather than 39 U.S.C. § 1208(b), which is controlling herein, it is noted that the language of the latter "tracks" the former and that reliance may be placed upon the former to interpret the latter. *National Association of Letter Carriers v. Sombrotto*, 449 F.2d 915 (2d Cir. 1971).

There, the defendant employer refused to implement the grievance settlements, thus subjecting the aggrieved employees and union to an "endless, fruitless succession of grievance complaints". *Id.* at 992. The court concluded that further exhaustion of contractual remedies would be ineffective. *See also, Hayes v. New England Millwork,* 602 F.2d 15 (1st Cir. 1979).

The present case is distinguishable from the recent Third Circuit decision in *Medlin v. Boeing Vertol Co.,* 620 F.2d 957 (3d Cir. 1980). In *Medlin,* five employees sued their former employer, Boeing Vertol Company, in state court. The employer filed a third-party claim against the union and the union removed the case to federal district court without objection where it was decided on the merits. The Court of Appeals raised, *sua sponte,* the question of subject matter jurisdiction and found that none existed. As the Court noted, "section 301(a) provides jurisdiction only over suits for violation of contracts between an employer and a labor organization", *id.* at 961. Since the employee's claims were based on an independent right allegedly created by a letter from the employer to the employee promising reinstatement, the Court found no jurisdiction under § 301(a). On the other hand, in the instant matter, plaintiff Riley's claims are based on an alleged oral agreement between the employer, USPS, and a representative of the unions—not an agreement between the employee and the employer, as in *Medlin.*

Since it may be determined at trial that the conduct of USPS amounted to a repudiation of the grievance procedures, as modified by the oral abeyance agreement, or an interference with the proper functioning of the contractual grievance procedures, plaintiff is not bound by the final decision of the Appeals Review Board, and plaintiff need not exhaust his contractual remedies before seeking relief in federal court. Accordingly, USPS' motion for reconsideration is denied.

Plaintiff's counsel shall submit an order, consented to as to form, within ten days.