**Raymond L. JENKINS**

v.

**UNITED STEEL WORKERS OF AMERICA and United Steelworkers of America Local 7309 and National Can Corporation.**

**Civ. A. No. 80–0721.**

United States District Court,
E. D. Pennsylvania,
Civil Division.

June 24, 1981.

Lee D. Rockafellow, Morrisville, Pa., for plaintiff.

Joseph Lurie, Philadelphia, Pa., Paul L. Stevens, Morrisville, Pa., for defendants.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

This case is before the Court on plaintiff's motion to remand to state court for lack of federal jurisdiction and defendants' motions for summary judgment.

## I. FACTS

Plaintiff, Raymond L. Jenkins, was an employee of defendant National Can Corporation ("Company") until October 11, 1977 when he was discharged for excessive absenteeism. In July of 1977, the Company suspended Jenkins for three days after repeated warnings about his absences. From the date of his return from suspension until his discharge, plaintiff was absent nine days, bringing his total for the year to twenty-eight. Although the plaintiff presented doctors' notes, the Company maintained such notes would not provide a blanket excuse for absenteeism.

On the day of plaintiff's discharge, defendant United Steelworkers of America, Local 7309 ("Union") filed a grievance with the Company on Jenkins' behalf alleging that he was wrongfully discharged and demanding reinstatement with full seniority and pay. The Union processed the grievance through the third step of a four step grievance procedure, which was answered by the Company on December 19, 1977. The collective bargaining agreement provided that requests for arbitration were to be received within five days after receipt of the third step answer, but the Union took no further action until March of 1978 when it indicated by letter to the Company that the Jenkins case would be appealed to arbitration.

About this time, Bernard Staub replaced Fred Clarici as Staff Representative of the Union. On August 1, after discussion with Clarici, Company representative John Yungert, and the Union president, Staub withdrew the grievance from arbitration. At no time during the meetings with Clarici, Yungert, and the Union president was Staub made aware of the facts of the Jenkins case or the merits of his grievance, nor did he ever meet with Jenkins.

After learning of the withdrawal, plaintiff filed suit in the Court of Common Pleas of Bucks County against the local Union and its national organization alleging negligent representation during the grievance process. The action was removed by the defendants to this Court pursuant to the general removal statute, 28 U.S.C. § 1441, with jurisdiction founded on section 301(a) of the Labor Management Relations (Taft-Hartley) Act, 29 U.S.C. § 185(a). Plaintiff acquiesced in this motion and filed an amended complaint naming the Company as an additional defendant. In this complaint, plaintiff alleges violation of the union contract as well as negligent representation against the Union defendants, and alleges wrongful discharge against the Company defendant. All defendants moved for summary judgment. Plaintiff answered, moving additionally that the case be remanded to state court for lack of federal jurisdiction.

## II. FEDERAL SUBJECT MATTER JURISDICTION

■ Initially, it should be noted that plaintiff's failure to challenge removal cannot confer jurisdiction on this Court which it does not otherwise possess. *Medlin v. Boeing Vertol Co.*, 620 F.2d 957 (3d Cir. 1980). If it appears anytime before final judgment that this Court lacks jurisdiction, the case must be remanded to a proper state forum. 28 U.S.C. § 1447(c).

### A. Union Defendants

■ Plaintiff challenges the jurisdiction of this Court on the ground that Union conduct in processing his grievance constitutes mere negligence, a cause of action not properly brought originally in federal court under the Labor Management Relations Act. Defendants urge that jurisdiction may be exercised pursuant to section 301(a) of that act which states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a).

It is my conclusion that plaintiff's amended complaint alleges facts which constitute a federal cause of action under the Labor Management Relations Act. 29 U.S.C. § 185(a). *And see* 28 U.S.C. § 1337.

The fact that plaintiff has not specifically mentioned section 301 is not determinative since the Court must examine the true substance of the complaint. *Medlin, id.,* at 962. The substance of plaintiff's complaint contains two distinct theories of recovery against the Union: (1) violation of the union contract and (2) lack of fair representation. (Plaintiff's Amended Complaint, paragraphs 14, 15).

### (1) Contract Violation

■ It is well settled that employees who are not formally parties to a union contract may sue in federal court to enforce its terms. *Nedd v. United Mine Workers of America,* 556 F.2d 190 (3d Cir. 1977), *cert. denied,* 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978). The contract violation in this case is the Union's alleged failure to appeal plaintiff's grievance to arbitration within the time limits set by the collective bargaining agreement. Because the breach of a section 301 contract has been alleged, the requirements for federal jurisdiction under section 301(a) are satisfied. Cf. *Rosen v. Hotel and Restaurant Employees and Bartenders Union of Philadelphia, Bucks, Montgomery and Delaware Counties Pa., Local 274, et al.,* 637 F.2d 592 (3d Cir. 1981) (alleged violation of fiduciary duty in administration of pension fund portion of collective bargaining agreement).

Most recently in *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre, Local 120, et al.,* 647 F.2d 372 (3d Cir. 1981), Judge Gibbons summarized the law in the Third Circuit on this issue:

> ... the law of the circuit as to the meaning of section 301(a) is that it reaches not only suits on labor contracts, but suits seeking remedies for violation of such contracts. That interpretation is consistent with the explicit direction of the Supreme Court that section 301 should not be read narrowly [citations omitted; emphasis in original]. *Wilkes-Barre, id.* at 380.

The need for nationwide uniformity in the interpretation of rights and duties under labor contracts was the force behind Congress' enactment of section 301(a), and the Third Circuit has recognized the "undesirability of relegating issues bearing on liability for violations of collective bargaining agreements to state law." *Wilkes-Barre, id.* at 380.

### (2) Duty of Fair Representation

Although plaintiff maintains his claim against the Union is common law negligence, his amended complaint clearly alleges a breach of the duty of fair representation. *See* Plaintiff's Amended Complaint, paragraph 14. Since the gravamen of the complaint is the failure of the Union to fairly represent plaintiff's interests during the four step grievance process outlined in the collective bargaining agreement, the Union's performance cannot be adequately evaluated without reference to that contract.

The *Wilkes-Barre* Court interpreted previous cases in this Circuit as allowing exercise of federal jurisdiction as long as the duty allegedly breached had its source in a collective bargaining agreement. (*Wilkes-Barre, id.,* at 380). In that case, it was alleged that unions, together with a competitor of the employer, had tortiously encouraged employees to strike in violation of their collective bargaining agreement. The Court, in permitting a suit on the contract against those not parties to it, concluded, "[t]he label attached to the remedy as tort or contract is not dispositive of the scope of federal common law which under section 301(a) it is our responsibility to create." (footnote omitted). *Wilkes-Barre, id.,* at 381.

This Court has jurisdiction to resolve the issues of the Union's alleged wrongful conduct since they essentially claim a breach of duty of fair representation grounded in a collective bargaining agreement. Plaintiff cites the *Medlin* case for the proposition that when the collective bargaining agree-

ment forms a mere backdrop for the complaint, federal courts lack subject matter jurisdiction. *Medlin* involved a suit by laid-off employees against their employer for misrepresentation in various letters offering reinstatement with accrued seniority. The employer later repudiated his interpretation of the agreement in those letters and the employees were again laid off. The suit was based "only on the independent rights allegedly created by the letters of reinstatement". *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 962 (3d Cir. 1980).

The employees in *Medlin* grounded their action solely on an alleged false promise contained in correspondence separate from the collective bargaining agreement. Jenkins, on the other hand, bases his claim on the alleged failure of the Union to appeal to arbitration within contract time limits, to notify him that appeal was not taken, and to fairly represent him during the grievance process. Unlike those of the *Medlin* plaintiffs, Jenkins' claims are inextricably bound to the collective bargaining agreement, and therefore constitute a federal cause of action under section 301(a).

B. Company Defendant

▮ Plaintiff's cause of action against National Can is also properly before this Court. Although there is confusion about the precise theory of recovery, the amended complaint states, "the Plaintiff's termination was in violation of the contract between the said union and the said company." Amended Complaint, paragraph 8. In his answer to defendants' motions for summary judgment, plaintiff asserts, "[t]he cause of action against National Can, the additional defendant·herein, is based on the traditional Tort [sic] action for wrongful discharge in violation of the contractual obligations." Plaintiff's Answer to Defendant's Motion for Summary Judgment, p. 3.

Though plaintiff would now have the Court remand his case to the state courts on a theory of tortious wrongful discharge, it is clear from the amended complaint and plaintiff's own deposition that his cause of action is based on his belief that the dis-charge was in violation of the collective bargaining agreement. *See* Deposition of Raymond L. Jenkins, pp. 11–15. Therefore, Count III of the amended complaint contains allegations sufficient to grant jurisdiction to this Court under section 301(a) of the Labor Management Relations Act.

▮ It is true that Pennsylvania courts have recognized a cause of action for tortious wrongful discharge since 1974, but plaintiff's complaint falls far short of stating such a claim. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). *But see Arnold v. Great Atlantic and Pacific Tea Co., Inc.*, 461 F.Supp. 425 (E.D.Pa.1978) (expressing doubt whether a tort of wrongful discharge exists). The interpretations of *Geary* have led to the emergence of the law in Pennsylvania that unless the complaint discloses an allegation of (1) specific intent to harm the employee or (2) violation of a clear mandate of public policy, there is no cause of action for tortious wrongful discharge. *Perks v. Firestone Tire and Rubber*, 611 F.2d 1363 (3d Cir. 1979) (cause of action stated for discharge for refusal to submit to polygraph). *Cf. Rogers v. International Business Machines Corp.*, 500 F.Supp. 867 (W.D.Pa.1980) (no cause of action for dismissal on the grounds that employee's conduct negatively affected the company).

Plaintiff Jenkins alleges neither a violation of public policy nor specific intent to harm on the part of the Company, and cannot therefore be said to allege a case of wrongful discharge under Pennsylvania law.

III. SUMMARY JUDGMENT

Defendants in this case are entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

▮ In considering these motions, I am required to resolve all ambiguities and draw

all reasonable inferences in favor of the non-moving party. Moreover, even when material facts are not in dispute, summary judgment may be denied when contradictory inferences may be drawn from the facts. *DeLong Corp. v. Raymond International Inc.*, 622 F.2d 1135 (3d Cir. 1980).

## A. Union Defendants

■ The Union defendants' motion for summary judgment must be denied since the allegation of a section 301(a) contract violation has been uncontroverted. The *Medlin* case is inapposite. The employee grievance in *Medlin* had already been taken to arbitration and the third party company was attempting to bootstrap a claimed union duty to arbitrate the grievance to a claim of section 301(a) jurisdiction. Here, plaintiff alleges a breach, not of a duty to arbitrate, but of a specific contract provision setting time limits within which appeal to arbitration must be made (if at all). Since material fact issues remain whether the Company waived the contract time limits, summary judgment is inappropriate. *See* Deposition of Bernard Staub, pp. 17–18.

■ On the issue of the Union's duty of fair representation, defendant argues that absent an allegation of bad faith, the Union must prevail. Although it is true that a mere refusal to arbitrate even a meritorious grievance may not be actionable, a discharged employee *does* state a cause of action if he alleges discriminatory, bad faith or *arbitrary* union conduct. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Findley v. Jones Motor Freight*, 639 F.2d 953 (3d Cir. 1981); *Bazarte v. United Transportation*, 429 F.2d 868 (3d Cir. 1970).

■ Here, the record reveals that Bernard Staub, the Union Staff Representative who withdrew the grievance from arbitration, was totally unfamiliar with the merits of the case. *See* Deposition of Bernard Staub, pp. 19–23. The record also reveals that Staub had previously won reinstatement for a National Can employee who was discharged for unexcused absences. *Id.* Viewing the facts most favorably for the plaintiff, it may be inferred that the Un-

ion's conduct in handling the Jenkins grievance was arbitrary—an inference sufficient to preclude summary judgment. *See Clayton v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, et al.*, —— U.S. ——, —— n. 24, 101 S.Ct. 2088, 2098, n. 24, 68 L.Ed.2d 538 (1981).

## B. Company Defendant

■ National Can's motion for summary judgment must likewise be denied. Material fact issues remain whether Jenkins' dismissal was a violation of the collective bargaining agreement. Although the Company maintains that doctors' notes are not a blanket excuse for absenteeism, Company Representative Francis Hoffa stated in his deposition that absences for medical reasons may be excused. (Deposition of Francis Hoffa, pp. 10–11). In light of this conflict, summary judgment would be erroneous.

■ In support of its motion, the Company urges that plaintiff's exclusive remedy for breach of contract lay in the grievance and arbitration procedures. In *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), the Supreme Court held that, "federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress." 379 U.S. at 652, 85 S.Ct. at 616 (emphasis in original; footnote omitted).

Here, plaintiff did attempt to use the four step procedure. Only the alleged unfair Union representation prevented exhaustion. Because unfair representation is a prerequisite to recovery against the Company in a section 301(a) action, an allegation of wrongful union conduct in processing a grievance will permit a plaintiff to seek judicial relief without prior exhaustion of arbitration procedures. *Vaca, id.*, 386 U.S. at 186, 87 S.Ct. at 914.

In addition, the Supreme Court has recently held that a discharged employee is not required to exhaust internal union ap-

peals procedures when such procedures cannot grant him the complete relief he seeks in a section 301(a) suit against his union and employer. *Clayton, id.* In this case, plaintiff does not seek reinstatement or back wages exclusively. This is a suit for damages for mental and emotional distress as well as the benefits of his previous employment, and therefore plaintiff will not be required to exhaust union procedures that could not grant him that relief.

## C. Statute of Limitations

 Because Congress has not enacted a statute of limitations in the LMRA itself, the timeliness of a section 301(a) suit is to be determined as a matter of federal law by reference to the state statute of limitations. *United Parcel Service, Inc. v. Mitchell et al.,* —— U.S. ——, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). Since plaintiff's action is based on a section 301(a) contract, the four year limitation on contract actions in Pennsylvania applies, and Jenkins' action is timely. 42 Pa.C.S.A. § 5525.

## D. Preemption by National Labor Relations Board

██ The Union defendants also argue that the plaintiff's action is preempted by the jurisdiction of the National Labor Relations Board over cases of unfair labor practices. It is unnecessary to decide whether the breach of a duty of fair representation in this case is an unfair labor practice since employees may sue in federal court for breach of a collective bargaining agreement regardless of whether the breach is also an unfair labor practice within the jurisdiction of the N.L.R.B. *Vaca, id.,* 386 U.S. at 180, 87 S.Ct. at 911.

For the above reasons, plaintiff's motion to remand and all defendants' motions for summary judgment are denied.