## STATE OF FLORIDA v. PILLALLIS
### Case No. ME82-318/TE82-19117
County Court, Orange County

December 8, 1982

**APPEARANCES OF COUNSEL**

**Jeffrey Branham,** Assistant State Attorney, for plaintiff.
**Warren Lindsey** for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came to be heard before this Court on November 12, 1982. The Defendant raised two issues of law.

1. Whether marijuana found in the Defendant's vehicle should be suppressed.

2. Whether the stop of Defendant's vehicle was valid. Both the state and the defense have supplied this court with excellent memorandums of law and with supporting cases.

## FINDINGS OF FACT

1. On August 3, 1982, the Winter Park Police Department set up a roadblock to check driver's licenses.

2. This roadblock began at 12:00 a.m. and was to end at 3:00 a.m.

3. Officer Peters candidly admitted that an additional reason for the roadblock was to determine if individuals were driving under the influence of alcohol.

4. The administrative order to Officer Peters was that they were to stop *every* vehicle they possibly could.

5. The Defendant was stopped at 2:20 a.m.

6. Officer Peters testified that prior to the stop, the Defendant did absolutely nothing wrong in terms of traffic violations. The officer candidly admitted there was no probable cause to suspect the Defendant was driving under the influence of alcohol.

7. The officer asked for the Defendant's driver's license, which was produced. The officer smelled alcohol on the Defendant's breath and asked him to step out of the car. The Defendant's eyes were bloodshot.

8. After the Defendant exited, Officer Peters gave the Defendant a field sobriety test, which the Defendant failed. The Defendant admitted he had consumed five (5) vodkas.

9. The Defendant was then handcuffed and placed in the back of Officer Peter's automobile. The Defendant never again got into his vehicle that night.

10. The officer candidly admitted the Defendant posed no threat to the officer, nor was there probable cause to believe there were any drugs in his car.

11. The officer then conducted an Inventory Search of the Defendant's automobile and found 13 grams of a leafy substance, later identified as marijuana.

12. The officer, prior to inventorying the automobile, never gave the Defendant an opportunity to call a friend to drive the Defendant's vehicle home.

## CONCLUSIONS OF LAW

At the trial, the Court ruled that based on *Miller v. State*, 403 So.2d

**245**

1307 (Fla., 1981), the failure of the officer to advise the defendant of a reasonable alternative to impoundment, required that any evidence found in the inventory search be suppressed.

Could the "search" of the Defendant's vehicle be classified as a search incidental to a lawful arrest?

1. The testimony of Officer Peters made it clear that the sole reason he was searching the Defendant's automobile was to compile an inventory of its contents. At no time did he indicate that he searched the vehicle incidental to the lawful arrest. The purpose of a search incidental to a lawful arrest is the need to remove any weapons that the arrestee might seek to use in order to resist arrest or effect his escape and the need to prevent the concealment or destruction of evidence. *New York v. Belton*, 49 US L.W. 4915 at 4915 (1981). Since the search took place *after* the Defendant was out of the vehicle, neither of the two conditions for such a search were present. That being the case, the marijuana was found during an inventory search, but since the police failed to comply with the requirements of *Miller v. State*, 403 So.2d 1307 (Fla., 1981), that search must be suppressed.

2. Whether Officer Peters had valid grounds to stop the Defendant's vehicle.

The Court notes for the record that the real reason there was a roadblock between the hours of 12:00 a.m. and 3:00 a.m. was not to check for driver's licenses, but to check if people were driving under the influence of alcohol. Normally, the police cannot stop an individual for driving under the influence of alcohol unless he has probable cause to do so. The officer conceded in this case that he did not have such probable cause.

Nevertheless, this Court reluctantly rules that since the police did have an *objective* basis for stopping the vehicle (to check for driver's license), the *subjective* reason for the stop (to check for driving under the influence) must be deemed irrelevant. *U.S. v. Watson*, 678 F.2d 765 (9th Cir., 1982); *U.S. v. Arra*, 630 F.2d 836 (3rd Cir., 1980); *United States v. DeManett*, 620 F.2d 962 (3rd Cir., 1980); cert. den. 450 US 910, 101 S. Ct., 1347, 67 L.Ed. 2d 333 (1981).

The Court also rules that the standard of "stopping every vehicle the officer could get to" is not so selective as to violate the conditions set down in *Delaware v. Prouse*, 440 US 648, 99 S.Ct. 1391, 59 L.Ed 2d 660 (1979).

It is therefore ORDERED AND ADJUDGED that the Defendant's Motion to Invalidate the Stop of the Defendant is hereby denied. The Motion to Suppress the marijuana is hereby granted.