Judith A. HOOKER, Plaintiff,

v.

Kent A. HAMMER, formerly Kent A. Hooker, Defendant.

Civ. A. No. 79–947.

United States District Court, W. D. Pennsylvania.

June 27, 1980.

Paul Bogdon, Pittsburgh, Pa., for plaintiff.

Mark J. Gesk, Pittsburgh, Pa., for defendant.

### MEMORANDUM OPINION

TEITELBAUM, District Judge.

Plaintiff filed a complaint in the case *sub judice* on July 6, 1979, based upon diversity of citizenship and amount in controversy. The complaint alleges defendant's breach of a marital property settlement agreement dated November 3, 1972. Plaintiff further contends that defendant first breached the agreement in September of 1974. Defendant now takes the position that he is entitled to summary judgment as to all damages accruing from September of 1974 up to July 6, 1975 because the applicable Pennsylvania statute of limitations is four years and bars the recovery of such damages.

Defendant urges application of 42 Pa. C.S.A. § 5525(1) which provides:

"The following actions and proceedings must be commenced within four years: (1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures."

Plaintiff, however, contends that the applicable statute of limitations is to be found in 42 Pa.C.S.A. § 5527 which provides in relevant part:

"The following actions and proceedings must be commenced within six years: (2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter."

The issue to be decided on this motion for summary judgment, therefore, is whether the failure to make designated monthly support payments comes within the ambit of the six year or four year statute of limitations.

■ It is important to note at the outset that this issue appears to be one of first impression. The new four year statute of limitations embodied in 42 Pa.C.S.A. § 5525, having been effective only since June 27, 1978, has yet to produce refining case law. Where Pennsylvania law remains undeclared, the obligation of this Court is to predict the most probable state of current Pennsylvania law for "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); *McKenna v. Ortho Pharmaceutical Corporation*, 622 F.2d 657 (3d Cir. 1980); *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); *C.I.R. v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–1783, 18 L.Ed.2d 886 (1967). For the reasons which follow, this Court believes that the appropriate Pennsylvania statute of limitations for the instant suit is six years.

■ Attention must naturally be first directed toward the actual language of the state statutes of limitation. Section 5525(1) uses language normally associated with commercial transactions. Indeed, "sale" and "construction" are words totally inappropriate to a marital support obligation. "Furnishing of tangible personal property" are also words inappropriate to the case *sub judice*. Debts are normally described as being intangible rather than tangible. Brown on Personal Property § 7, at 13 (1955) provides:

"Many rights do not ... concern specific tangible things but consist of claims against third persons which, since they may be enforced by action ... are of value and thus entitled to be termed property in the broader sense. Bank accounts, debts generally, corporate stock, patents and copyrights are common instances of this class of [intangible] property."

A marital support obligation, therefore, does not qualify as tangible personal property. The language of Section 5527 is much more adapted to non–commercial monetary indebtedness. "Bonds" and "notes" are instruments commonly associated with pure financial obligation. Such obligation need not be commercial in nature. A review of the actual language of both Section 5525(1) and 5527, therefore, indicates that the six year limitation of Section 5527 should govern an action for breach of a marital support agreement.

Another clue to proper construction of the four year statute of limitations can be

found by referring to other paragraphs which are included in Section 5525. Also subject to the four year limitations period of Section 5525 is:

"(2) Any action subject to section 2–725 (relating to statute of limitations in contracts for sale) of the act of April 6, 1953 (P.L. 3, No. 1), known as the 'Uniform Commercial Code.'"

By reaffirming the four year statute of limitations already set forth in the sales article of the Uniform Commercial Code in the paragraph immediately following that paragraph of Section 5525 which is presently disputed, the Pennsylvania legislature probably meant to convey the thought that all other related sales contracts not covered by the Uniform Commercial Code should also be subject to a four year period of limitation.

The question of the appropriate statute of limitations for related sales contracts not explicitly covered by the Uniform Commercial Code had been resolved prior to enactment of Section 5525 by Pennsylvania case law. In *DeMatteo v. White*, 336 A.2d 355, 233 Pa.Super. 339 (1975), the Superior Court of Pennsylvania held that such related sales contracts were subject to a six year limitations period. Thus, actions filed in 1972 by owners of new homes against a contractor for damages due to the contractor's using defective brick were held timely filed within the six year statute of limitations where the defects were discovered in 1967 and in 1968. However, an action by the same home owners against the seller of brick on an alleged breach of warranty was held barred where more than four years passed between purchases of brick and the alleged breach. Under the current provisions of Section 5525, both types of actions would be treated the same and subject to a four year limitations period.

Based upon the foregoing, it must be concluded that Section 5525(1) upon which defendant grounds his motion for summary judgment, is inapplicable to the case *sub judice*. The actual language of the provision as well as its probable purpose indicates applicability in a limited commercial situation not present in the instant suit. Accordingly, defendant's motion for sum-

mary judgment will be denied. An appropriate order will issue.