Betty A. SELLERS

v.

SPIEGEL, INC. and Teamsters Union 158.

Civ. A. No. 82–1861.

United States District Court, E.D. Pennsylvania.

Oct. 8, 1982.

**236**

Joseph V. Restifo, Philadelphia, Pa., for plaintiff.

Kenneth S. Hall, Philadelphia, Pa., for Teamsters Union 158.

Dennis J. Morikawa, Kenneth D. Kleinman, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This action arises out of the termination of the plaintiff's employment with defendant Spiegel, Inc. ("Spiegel") on August 23, 1975. Plaintiff brought this action in assumpsit in the Court of Common Pleas of Philadelphia County on August 24, 1981. She alleged that Spiegel owed her termination and sick leave pay, and that Teamsters Union 158 ("Teamsters") failed to prosecute her grievance. Defendants removed the action to this court, and now move to dismiss pursuant to Rule 12(b)(6), claiming the suit is time-barred.

Plaintiff seeks relief pursuant to section 301 of the Labor-Management Act of 1947, 29 U.S.C. § 185. Because that section contains no express time limitations, courts determine the timeliness of § 301 suits "by reference to the appropriate state statute of limitations." *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). Which state statute of limitations is appropriate in turn depends on how the underlying action is characterized. Although this determination is ultimately a question of federal law, *see Textile Workers Union of America v. Lincoln Mills,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), a federal court is guided by the characterization imposed by state law, "unless that characterization is unreasonable or otherwise inconsistent with national labor policy." *International Union, UAW, supra,* 383 U.S. at 706, 86 S.Ct. at 1113.

In this action, the parties are in disagreement as to how Pennsylvania law would characterize the underlying claim, and thus which statute of limitation is applicable. Defendant Teamsters Union argues that the essence of plaintiffs claim against it is that the union breached its duty of fair representation to her. Because that duty is created by statute, Pennsylvania's one-year

limitation is urged on the court.[1] Alternatively, the union argues that because plaintiff must show that its conduct was arbitrary, discriminatory or in bad faith in order to make out a claim, *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), her action sounds in tort, and so should be governed by the two-year limitation for negligence claims.[2]

Defendant Spiegel agrees with plaintiff that since she is suing to enforce her rights under the collective bargaining agreement, her action is more properly characterized as contractual in nature. However, Pennsylvania has two statutes of limitation governing breach of contract claims: 42 Pa.Cons.Stat.Ann. § 5525, which imposes a four-year limitation,[3] and 42 Pa.Cons.Stat.Ann. § 5527,[4] with a six-year limitation.[5]

## I.

I agree with the plaintiff and defendant Spiegel that plaintiff's claim is based on a contract, and therefore that one of the statute-of-limitation provisions relating to contracts must be applicable. Although defendant Teamsters Union is correct in pointing out that plaintiff's claim derives from statutes—the federal labor statutes—to interpret 42 Pa.Cons.Stat.Ann. § 5523(2) as therefore applicable would prove too much: Many actions that originated in the common law have become codified in federal or state statutes, and all such actions are not therefore covered by that provision. As the annotation following the section makes clear, § 5523(2) was intended only to replace 12 P.S. § 44 (repealed) relating to actions brought by individuals to enforce civil penalties and forfeitures.

The argument of the union that the action against it sounds in tort and thus should be governed by 42 Pa.Cons.Stat.Ann. § 5524(2) is more plausible. The better view, however, is that where, as here, the suit against both the employer and the union arises out of the same alleged failure to protect the rights of the employee under the collective bargaining agreement, both suits should be governed by the statute of limitations relating to contractual actions. Only by retaining congruent jurisdiction

---

1. 42 Pa.Cons.Stat.Ann. § 5523, reads, in pertinent part:
   The following actions and proceedings must be commenced within one year:
   \* \* \* \* \* \*
   (2) An action upon a statute for a civil penalty or forfeiture, where the action is given to a person other than a government unit.

2. 42 Pa.Cons.Stat.Ann. § 5524 reads in pertinent part:
   The following actions and proceedings must be commenced within two years:
   \* \* \* \* \* \*
   (2) An action to recover damage for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

3. 42 Pa.Cons.Stat.Ann. § 5525 reads in pertinent part:
   The following actions and proceedings must be commenced within four years:
   (1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.
   (2) Any action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

   (3) An action upon an express contract not founded upon an instrument in writing.
   (4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

4. 42 Pa.Cons.Stat.Ann. § 5527 reads in pertinent part:
   The following actions and proceedings must be commenced within six years:
   \* \* \* \* \* \*
   (2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter.

5. Actually, plaintiff brought this action six years *and one day* after her employment was terminated. Spiegel therefore argues that her action should be dismissed, whatever provision is chosen. Because the last day of the statutory period was a Sunday, however, plaintiff made use of the rules giving her an extra day to bring the action. *See* Pa.R.Civ.P. 106(b), Fed. R.Civ.P. 6(a). Thus, plaintiff pushed her six-year period to the very edge, but not over the brink.

over the union and employer can the court apportion damages between them in an appropriate manner. Moreover, such a rule best effectuates the federal labor policy of encouraging unions to represent employees fairly and completely. *Butler v. Local Union 823,* 514 F.2d 442 (8th Cir.) *cert. denied sub nom Yellow Freight System, Inc. v. Butler,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2d Cir.1970), *cert. denied sub nom United Steelworkers of America v. Abrams,* 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971).[6]

## II.

There remains to be decided whether Pennsylvania's four-year or six-year statute of limitations governing contract actions is applicable. The four-year provision is of relatively recent vintage, having been enacted only in 1978, and its scope has not been subjected to an authoritative determination by the Pennsylvania courts. It seems clear, however, that the four-year provision relates only to oral contracts, implied contracts, and contracts for the sale of tangible personal goods. The six-year provision, by contrast, on its face concerns "[a]n action upon a contract ... *founded upon a[n] ... instrument in writing.*" 42 Pa.Cons.Stat.Ann. § 5527(2) (emphasis added).

Plaintiff's complaint alleges that she was denied payments promised to her under the written contract. Because an interpretation of that contract should be sufficient to determine her rights, I hold that the six-year provision is applicable. *See Al-Khazraji v. Saint Francis College,* 523 F.Supp. 386 (W.D.Pa.1981) (six year limitation applicable to action for unlawful termination of written contracts); *Hooker v. Hammer,* 497 F.Supp. 152 (W.D.Pa.1980) (six-year provision applicable to alleged breach of written agreement to provide support payment).[7]

---

**6.** Federal courts looking to the law of this Commonwealth have consistently asserted that the statutes of limitations governing contract disputes are applicable to § 301 suits similar to the case at bar. *See, e.g., Rew v. International Org. Masters,* 349 F.Supp. 542 (E.D.Pa.1972); *Falsetti v. Local Union No. 2026, UMW,* 249 F.Supp. 970 (W.D.Pa.1965), *aff'd* 355 F.2d 658 (3d Cir.1966).

**7.** I am aware that the court in *Jenkins v. United Steelworkers of America,* 522 F.Supp. 80, 87 (E.D.Pa.1981) stated that the four-year provision was applicable to section 301 suits. In *Jenkins,* however, the suit was brought well within the four-year limit. Therefore, the question of which statute of limitations provision was applicable was not at issue in the case.

I am also aware of language contrary to my holding in *Plenskofski v. Specter Freight System,* No. 80–3006 (E.D.Pa. March 19, 1981). In *Plenskofski,* however, unlike this case, plaintiff had already suffered an adverse decision rendered by the Philadelphia and Vicinity Joint Area Grievance Committee. Thus, he was, in effect, seeking to overturn the arbitrator's decision, but was barred by Pa.Stat.Ann. Title 5, § 173 (Purdon 1963) (repealed 1980), imposing a ninety-day statute of limitations for a suit in which an employee seeks to overturn an arbitration decision sustaining his discharge. *See Liotta v. National Forge Co.,* 629 F.2d 903 (3d Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981). *See also United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (where discharged employee sought same relief in § 301 suit as he sought before arbitration, action analogous to suit to vacate arbitration award).