349 F.2d 368
 James E. ADAMS, John Henry Cottman, a/k/a John Henry Randall, Leon W. Patton and Obediah Walker, Individually and on Behalf of All Other Persons Similarly Situated, Appellants,
v.
The BUDD COMPANY and
United Automobile Workers of America, Budd's Local #813.
 No. 15146.
 United States Court of Appeals Third Circuit.
 Argued May 6, 1965.
 Decided July 26, 1965.
 
 Norman Shigon, Philadelphia, Pa., for appellants.
 Richard H. Markowitz, Wilderman, Markowitz & Kirschner, Philadelphia, Pa. (Richard Kirschner, Philadelphia, Pa., D'Agui & Del Collo, Don F. D'Agui, Philadelphia, Pa., on the brief), for appellee Union.
 Samuel Fessenden, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa. (Carter R. Buller, Philadelphia, Pa., on the brief), for appellee Budd Co.
 Before KALODNER, HASTIE and FREEDMAN, Circuit Judges.
 KALODNER, Circuit Judge.
 
 
 1
 Asserting existence of federal jurisdiction under Section 301(a) of the Labor Management Relations Act of 1947,[1] the plaintiffs, employees of The Budd Company ("Budd") and members of United Automobile Workers of America, Local No. 813 ("Union") brought this action alleging that Budd and Union, "collusively" and "in bad faith", conspired to deprive them of a "super-seniority" status which they had acquired under their "original contract of hire" and earlier labor contracts, in negotiating a new collective bargaining agreement.
 
 
 2
 The critical issue presented is whether federal jurisdiction exists in such an action under Section 301(a).[2] The District Court dismissed the action for failure to state a claim upon which relief may be granted.[3]
 
 
 3
 The plaintiffs make these allegations, inter alia, in their Complaint:
 
 
 4
 At the times they were employed,[4] Budd had a declared "policy" of granting "a preferred status of super-seniority" to seriously injured employees and this policy was incorporated into collective bargaining agreements entered into by Budd and Union in 1948 and 1955; plaintiffs were seriously injured in the course of their employment between 1947 and 1952 and were officially accorded "super-seniority" status; following expiration of the 1955 labor contract in December, 1958, a new collective bargaining agreement provided that preferential seniority would be granted only to employees having more than a 17 percent disability and, as a consequence, the plaintiffs, who had less than a 17 percent disability, were not eligible for super-seniority status; that the earlier-enjoyed "super seniority" of the plaintiffs was a "vested right" and "status" which "does not involve `the meaning and application of any of the provisions' of the [collective bargaining] agreement * * [which] could not be divested by any arbitrary, capricious, and/or malicious acts of the defendants herein acting in concert, conspiracy and collusion to defraud the plaintiffs and others similarly situated of their vested rights in contravention of law and public policy." (emphasis supplied).
 
 
 5
 The record discloses that the collective bargaining agreement in effect[5] when the instant action was instituted on January 2, 1964, also provided that super-seniority status was accorded only to employees who had more than a 17 percent disability.
 
 
 6
 It is the plaintiffs' contention here that their super-seniority rights "are based not upon the collective bargaining agreements but upon the original contract of hire"; they "did not have the spark of their creation in the collective bargaining agreements themselves * * * therefore, these rights survive and are not nullified when the agreements, nor portions of them are terminated"; and, Union "breached a duty of fair representation as to the plaintiffs" when it and Budd conspired "to collusively deny the plaintiffs * * * of their super-seniority status" in new collective bargaining agreements.
 
 
 7
 In reply, Union contends that Section 301(a) accords jurisdiction to the federal courts over actions for breach of a labor contract and the plaintiffs' complaint fails to allege such a breach; further, plaintiffs' "claim is not based upon a violation of a contract between an employer and labor organization" but "solely upon the adverse effect upon plaintiffs of the negotiation of such an agreement."
 
 
 8
 Union's contention is well-taken.
 
 
 9
 The distilled essence of the plaintiffs' position is that they can enforce, under Section 301(a), their "contract of hire" super-seniority rights, accorded under Budd's pre-labor contract policy, even though subsequently negotiated collective bargaining agreements bargained away such rights.
 
 
 10
 The plaintiffs seem to be oblivious of the fact that Section 301(a)[6] only creates federal jurisdiction, in the absence of diversity of citizenship, with respect to "[s]uits for violation of contracts between an employer and a labor organization * * * or between any such labor organizations." (emphasis supplied).
 
 
 11
 Here the plaintiffs do not seek redress for violation of a collective bargaining agreement; what they seek is redress for an alleged violation by a labor contract of rights which they assert were independently, and pre-agreement, vested in them by their "contract of hire."
 
 
 12
 We are of the opinion that Section 301(a) did not confer jurisdiction upon the District Court to entertain this action and that it should have dismissed it for that reason. As we earlier stated, it is conceded that diversity jurisdiction does not exist here.
 
 
 13
 The cases relied on by the plaintiffs to sustain their claim to Section 301(a) jurisdiction are inapposite.
 
 
 14
 In Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964) the suit was based on an alleged breach of the seniority provisions of a collective bargaining agreement. It was there charged that the employer and the union had acted in a manner contrary to the explicit provisions of the labor agreement.
 
 
 15
 In Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed. 2d 246 (1962) it was also charged that the union and the employer had violated rights of employees "arising from a collective bargaining contract." (emphasis supplied).
 
 
 16
 Humphrey and Smith hold only that Section 301(a) creates jurisdiction in the District Court to entertain suits "to vindicate individual employee rights arising from a collective bargaining contract * * *." 371 U.S. 200, 83 S.Ct. 270 (emphasis supplied).
 
 
 17
 In the instant case there is no complaint or contention that Budd and Union violated a provision of a collective bargaining agreement.
 
 
 18
 For the reasons stated the Judgment of the District Court dismissing the plaintiffs' action will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 61 Stat. 156, 29 U.S.C.A. § 185(a)
 
 
 [2]
 It is conceded that diversity jurisdiction does not exist
 
 
 [3]
 The Opinion of the District Court is not reported
 
 
 [4]
 The Complaint did not state the dates of the plaintiff's employment
 
 
 [5]
 This agreement was for a term extending from November 20, 1961 to October 1, 1964
 
 
 [6]
 Section 301(a) provides:
 "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."