Jose Ramon **HERNANDEZ** et al.,
Plaintiffs-Appellants,

v.

**NATIONAL PACKING CO.**, et al.,
**Affiliated to the Seafarers International Union of North America, AFL-CIO,**
Defendants-Appellees.

No. 71-1238.

United States Court of Appeals,
First Circuit.

Heard Feb. 1, 1972.

Decided March 3, 1972.

George L. Weasler, Santurce, P. R., with whom Pedro E. Purcell-Ruiz, Santurce, P. R., was on brief, for appellants.

Alan H. Randall, Hato Rey, P. R., with whom Max Ramirez-De-Arellano, Santurce, P. R., and O'Neill & Borges, Hato Rey, P. R., were on brief, for National Packing Co. and Ralston Packing Co., appellees.

Ginoris Vizcarra-De-Lopez-Lay, Santurce, P. R., with whom Lopez-Lay, Vizcarra & Escanellas, San Juan, P. R., was on brief, for SIU De Puerto Rico, appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

This action was brought under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), by employees of National Packing Company, employed at a plant in Ponce, Puerto Rico, to have declared null and void a collective bargaining agreement between National Packing and the Seafarers International Union de Puerto Rico ("the SIU"), or, in the alternative, to obtain a court order directing that employees be given an opportunity to ratify or reject that agreement by secret ballot. The district court, 330 F.Supp. 1265, dismissed the complaint for lack of jurisdiction over the subject matter, and the employees appealed.

The troubled history of relations between National Packing and its employees is laid out in our opinion in N. L. R. B. v. Union De Empleados, 455 F. 2d 1248 (1st Cir., filed March 3, 1972). We add only that on November 23, 1970, after negotiating pursuant to a settlement approved by the NLRB, National

Packing and the SIU entered into the collective bargaining agreement challenged in this case. Charges by the competing Union de Empleados de la Industria del Entelado de Pescado y Ramas Anexas de Peurto Rico that National Packing committed an unfair labor practice in supporting the SIU by negotiating with it were dismissed by the NLRB.

Appellants purport to find jurisdiction for the district court in § 301(a). Its language suggests the contrary: "Suits for *violation* of contracts between an employer and a labor organization . . . may be brought in any district court of the United States . . . ." [Emphasis added.] Appellants here seek not to vindicate their rights under the contract, since the contract did not by its terms require ratification, but rather seek to challenge its validity on the supposition that the SIU no longer reflects the wishes of the majority of the bargaining unit. Appellants cite Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), but in that case the plaintiff alleged a breach of the non-discrimination clause contained in the contract itself, 371 U.S. at 196, 83 S.Ct. 267. In Adams v. Budd Co., 349 F.2d 368 (3d Cir. 1965), the court construed § 301(a) as not granting jurisdiction to the district court to hear the complaint of employees whose pre-existing job security was jeopardized by a collective bargaining agreement. While, to the extent that it could do so without infringing the NLRB's primary jurisdiction, a district court might be obliged to consider the validity of a collective bargaining agreement when asked to enforce one of its provisions at the behest of employees, *e. g.*, Duralite Co. v. Local 485, International Union of Electrical Radio and Machine Workers, 207 F.Supp. 273 (E.D.N.Y. 1962), the present case is in a wholly different posture. Appellants make no other jurisdictional claim. The district court was without jurisdiction, and properly dismissed.

Affirmed.