LOCAL 435, OF THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, Plaintiff,

v.

GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Defendant.

Civ. A. No. 80–578.

United States District Court,
D. Delaware.

Dec. 9, 1982.

**396**

David R. Hodas, Potter & Carmine, P.A., Wilmington, Del., for plaintiff.

Richard G. Elliott, Jr., Richards, Layton & Finger, Wilmington, Del., for defendant.

1. The International Union is neither a party to, nor supports Local 435 in this action.

2. Count two alleges a violation of 19 *Del.C.* § 1107 (withholding of wages pursuant to the Delaware Wage Payment and Collection Act) and bases jurisdiction on 29 U.S.C. § 185; count three alleges violation of 19 *Del.C.* §§ 3371, 3374 (protection of employee's rights and benefits pursuant to Delaware Unemployment Compensation Law) and bases jurisdiction on 29 U.S.C. § 185; and count four realleges count three as a pendent claim.

OPINION

MURRAY M. SCHWARTZ, District Judge.

This dispute centers on ¶ 213(a) of a collective bargaining agreement between General Motors Corporation ("GM") and Local 435 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("Local 435").[1] Simply stated ¶ 213(a) provides that an employee who receives unemployment compensation during the Christmas Holiday period will have his or her holiday pay reduced by the amount of that compensation for the same period. The paragraph provides that if in fact an employee receives both holiday pay and unemployment compensation, he or she will be required to repay the lesser of the holiday pay or unemployment compensation. In addition, GM is authorized to deduct the amount due it from earnings subsequently due and owing.

On the facts of this case, GM withheld the anticipated overpayment prior to the period in question. In count one of its complaint, Local 435 alleges that the procedure violated the provisions of ¶ 213. In counts two through four Local 435 alleges that ¶ 213 was invalid as contrary to Delaware law and public policy.[2] Essentially, Local 435 argues that the provision is an illegal agreement to waive benefits under the Delaware unemployment compensation law. Jurisdiction for counts one through three is based on 29 U.S.C. § 185, section 301 of the Taft-Hartley Act ("section 301").[3] Count four is based on pendent jurisdiction.

3. Section 301(a) provides, in part:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

■ GM moved to dismiss the action on the basis that Local 435 had not exhausted contractual remedies.[4] This motion was referred to Magistrate N. Richard Powers who issued reports and recommendations on June 17, 1981 and January 5, 1982. Subsequent to those reports and recommendations, count one of the complaint was resolved by settlement and the Court requested additional briefing regarding whether it enjoyed subject matter jurisdiction in light of the settlement.

The collective bargaining agreement establishes a grievance procedure and, as noted, the complaint underlying count one was settled at the fourth stage of appeal. Although acknowledging that this resolution made the underlying grievance "a nullity," Reply Brief on Subject Matter Jurisdiction at 1 (Docket No. 47), plaintiff still maintains the Court has jurisdiction over that count and may therefore exercise pendent jurisdiction over counts two through four. This argument appears meaningless. The Supreme Court's opinion in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), indicates that ordinarily the exercise of pendent jurisdiction is improper where the underlying federal claim is dismissed prior to a trial on the merits. *See Wilmington Christian School v. Red Clay,* 545 F.Supp. 440, 449 (D.Del.1982). This analysis disposes of the issue of the propriety of the exercise of pendent jurisdiction assuming section 301 does not confer subject matter jurisdiction.

On the issue of the grant of subject matter jurisdiction, plaintiff argues that the case involves the reformation and interpretation of a collective bargaining agreement and thus falls within the broad scope of section 301. Defendant argues that counts two through four involve no more than alleged violations of state law.

■ Several federal courts have held that federal jurisdiction exists over allegations of illegality in labor contracts. These cases, however, involved allegations of illegality as a matter of federal rather than state law. *See e.g., Associated Milk Dealers, Inc. v. Milk Drivers Union Local 753,* 422 F.2d 546 (7th Cir.1970). Generally, section 301's grant of jurisdiction is limited to cases involving allegations of a violation of a collective bargaining agreement. *See Hernandez v. National Packing Co.,* 455 F.2d 1252 (1st Cir.1972).

Although the Third Circuit Court of Appeals has not directly considered the issue, there are some analogous situations. In *Adams v. Budd Co.,* 349 F.2d 368 (3d Cir. 1965), union members brought suit under section 301 alleging that the company and the union had collusively and in bad faith conspired to deprive them of a "super-seniority" status acquired under their original contract of hire and earlier contracts by negotiating a new contract. The court held that there was no jurisdiction because section 301 confers jurisdiction over claims based on violations of a contract, not those based on the negotiation of a contract. Section 301 only confers jurisdiction over suits for violations of contracts between employers and labor organizations. In *Leskiw v. Local 1470,* 464 F.2d 721 (3d Cir.), *cert. denied,* 409 U.S. 1041, 93 S.Ct. 526, 34 L.Ed.2d 490 (1972), plaintiffs alleged that the union failed to fairly represent the interests of some of its members in negotiating the contract. The court again held that section 301 required a violation of a contract and affirmed the dismissal for lack of subject matter jurisdiction. *Id.* at 722–723; *see also, C–B Buick Inc. v. NLRB,* 506 F.2d 1086, 1094 n. 16 (3d Cir.1974).

In *Goclowski v. Penn Central Transportation Corp.,* 571 F.2d 747 (3d Cir.1977), suit was brought under the Railway Labor Act rather than section 301, but analogous issues were presented. Plaintiff sought to

---

4. Plaintiffs must exhaust contractual grievance procedures before instituting a section 301 suit. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 657–58, 85 S.Ct. 614, 618–619, 13 L.Ed.2d 580 (1965). There are only two exceptions to this principle—first, when an employer's conduct amounts to repudiation of the remedy; and second, when the union has the sole power to file a grievance and it has wrongfully refused to do so—neither of which are applicable here. *See Vaca v. Sipes,* 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967).

invalidate agreements based, *inter alia,* on claims that the contract was defectively formed because of failure to obtain the required ratification of the affected union members. The court held that the issue presented was not one of federal law, but rather was to be resolved based solely on principles of agency which are matters of state contract law. *Id.* at 756.

 Although none of these cases is directly on point, they point the way toward proper resolution of this issue. Counts two through four involve issues of state law. Although plaintiff characterizes the action as one for reformation, and in fact that may be the end result, the issue presented is simply whether ¶ 213(a) is valid as a matter of Delaware law. The only count involving the required allegations of a violation of the contract was count one which has been settled.[5] Plaintiff acknowledges that state law standards form the basis for its claim that section 301 permits consideration of ¶ 213(a), but seeks to avoid the mandated result by alleging that the construction of ¶ 213(a) necessarily involves a question of federal law which is cognizable under section 301. Plaintiff reasons that section 301 necessarily implicates uniform law which may utilize state law to discern correct

principles for application to a uniform federal law. Plaintiff opines that even if a complaint relies solely on state law rights and remedies, if it involves the construction, interpretation, or application of a labor contract, the law applied is federal and federal district court jurisdiction is proper under section 301.[6] This construction, however, misses the point entirely. Section 301(a) confers jurisdiction over "suits for *violation* of contracts." (emphasis added). No violation is alleged since the grievance has been settled. Count one will be dismissed as moot, counts two and three will be dismissed for lack of subject matter jurisdiction, and in the exercise of its discretion, the Court will also decline to exercise pendent jurisdiction over counts two through four.[7]

---

**5.** Plaintiff alleges that since the grievance was settled "without prejudice" the controversy remains and section 301 jurisdiction continues. The basis for this argument is found allegedly in paragraph 53 of the collective bargaining agreement which prohibits lawsuits for violation of the agreement during the pendency of a grievance proceeding. According to the plaintiff, the settlement of the grievance "without prejudice" indicates that the parties to the lawsuit did not intend to fetter this lawsuit. Nonetheless, with the underlying grievance settled and the alleged violation of the agreement rendered a "nullity," a cognizable violation no longer exists for purposes of section 301. Plaintiff's proper forum, if any, is state court to determine the validity, under state law, of the agreement entered into by the International Union. In fact, at oral argument plaintiff admitted that the basis of the action no longer is that GM violated the contract, but rather that the contract violates state law. This question fails to state a cause of action under section 301.

**6.** Plaintiff correctly states that the substantive law applicable to a section 301 action is federal and a court may utilize state law to form the

federal rule if the state law principles are consistent with federal labor policies. *Textile Workers Union of America v. Lincoln Mills of Alabama,* 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957); *Kaylor v. Crown Zellerbach, Inc.,* 643 F.2d 1362, 1367 n. 2 (9th Cir.1981). This does not, however, work a transmogrification which endows every state law claim with an aura of federal labor law status. Such a construction effectively turns section 301 on its head because it creates federal court jurisdiction over state law claims which do not involve a collective bargaining agreement violation through the simple device of alleging that the issue impacts on federal labor policy.

**7.** While *Gibbs* confers discretionary authority to dismiss state claims if federal claims are dismissed prior to trial, an exception exists which deems it proper to retain jurisdiction over state claims when significant judicial resources have been expended on the state claims. This exception has no application in this current context.