

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-1996

# Beverly Entr PA Inc v. Dist 1199C

Precedential or Non-Precedential:

Docket 95-2025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Beverly Entr PA Inc v. Dist 1199C" (1996). *1996 Decisions*. Paper 125.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

_____

No. 95-2025
_____

BEVERLY ENTERPRISES-PENNSYLVANIA, INC.,
d/b/a STENTON HALL NURSING AND CONVALESCENT HOME,

Appellant,

vs.

DISTRICT 1199C NATIONAL UNION OF HOSPITAL AND
HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO; NATIONAL
UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES,
AFSCME, AFL-CIO,

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 95-cv-04755)
_____

Argued June 6, 1996
Before: BECKER and MANSMANN, Circuit Judges, and
SCHWARZER, District Judge

(Filed July 29, 1996)

J. FREEDLEY HUNSICKER, JR., ESQUIRE
(ARGUED)
Drinker Biddle & Reath
1345 Chestnut Street
Philadelphia, PA 19107-3496

HUGH L. REILLY, ESQUIRE
Chief Counsel for Labor & Employment
Beverly Enterprises
5111 Rogers Avenue
Ft. Smith, AR 72919

Attorney for Beverly Enterprises-
Pennsylvania, Inc. d/b/a Stenton
Hall Nursing and Convalescent Home,
        Appellant

GAIL LOPEZ-HENRIQUEZ, ESQUIRE
(ARGUED)

Freedman and Lorry, P.C.
400 Market Street, Suite 900
Philadelphia, PA 19106

JAMES B. COPPESS, ESQUIRE
815 16TH Street, NW
Washington, D.C. 20006

MARSHA S. BERZON, ESQUIRE
Altshuler, Berzon, Nussbaum,
Berzon and Rubin
177 Post Street, Suite 300

San Francisco, CA 94108
Attorney for District 1199C, National
Union of Hospital and Health Care
Employees, AFSCME, AFL-CIO and National
Union of Hospital and Health Care
Employees, AFSCME, AFL-CIO, Appellees

——————————

OPINION OF THE COURT

——————————

SCHWARZER, District Judge:

Beverly Enterprises-Pennsylvania, Inc., brought this action under Section 301 of
the Labor-Management Relations Act, 29 U.S.C. 185(a) and (c)(2), for a declaration that the
union security clause in its collective bargaining agreement violates Section 8(a)(3) of the
National Labor Relations Act of 1935 (NLRA), 29 U.S.C. 158(a)(3). The defendant unions
are District 1199C of the National Union of Hospital and Health Care Employees and the
National Union itself. The defendants are labor organizations and Beverly is an employer within
the meaning of the NLRA, 29 U.S.C. 152(2), (5). Beverly's complaint alleges that the clause is
void and unenforceable under Communications Workers v. Beck, 487 U.S. 735 (1988).
Assuming subject matter jurisdiction, the district court dismissed for lack of standing by Beverly.
We will affirm, but on a different ground.

Beck was an action brought by a group of employees against their union. The
plaintiff employees alleged that the union had violated Section 8(a)(3), the duty of fair
representation, and their First Amendment rights, by using dues paid by them under the
compulsion of a union-security clause in the collective bargaining agreement for noncollective

bargaining activities.  The Supreme Court held that the Section 8(a)(3) claim "falls squarely within the primary jurisdiction of the [NLRA]," but that the "court was not precluded . . . from deciding the merits of this claim insofar as such a decision was necessary to the disposition of respondents' duty-of-fair-representation challenge."  Beck, 487 U.S. at 742-43.  The Court noted that the employees were not trying to circumvent the primary jurisdiction of the Board, but were claiming that the union failed to represent their interest fairly by negotiating and enforcing an agreement not in their interests and explained:  "The necessity of deciding the scope of  8(a)(3) arises because [the unions] seek to defend themselves on the ground that the statute authorizes precisely this type of agreement."  Id.

To put it most charitably, Beverly's claim turns Beck on its head.  It does not invoke Section 8(a)(3) as a defense for its actions.  Rather, it attempts to use it to attack the collective bargaining agreement which it negotiated with the unions.  Putting aside the anomaly of an employer attacking the agreement it itself had negotiated, we hold the claim that the unions have violated Section 8(a)(3) falls squarely within the primary jurisdiction of the Board.

This Court's decision in Mack Trucks, Inc. v. International Union, UAW, 856 F.2d 579 (3d Cir. 1988), makes clear that the district court lacked subject matter jurisdiction over this dispute.  In that case, Mack brought a Section 301 action to enforce a collective bargaining agreement.  Id. at 583.  The Union disputed the existence of the agreement and, asserting that the issue fell under the primary and exclusive jurisdiction of the NLRB, challenged the court's jurisdiction to decide the dispute.  Id. at 583-84.  This Court held that Section 301 conferred jurisdiction on the district court to decide this particular contract issue -- whether the contract existed -- even if the Union's claim also constituted an unfair labor practice under the NLRA.  Id.at 590.  In reaching its decision, this Court distinguished cases holding that federal courts lacked Section 301 jurisdiction over challenges to contracts on the basis that they conflicted with the NLRA or some other external agreement.  Id. at 589.

Mack does not confer jurisdiction here.  Beverly's claim is not that no contract exists -- the basis of Section 301 jurisdiction in Mack.  Rather, Beverly claims that the contract is in part void and unenforceable because it violates the NLRA.  This is exactly the type of situation

that Mack makes clear does not fall under the Section 301 jurisdiction of the federal courts.  Id.at 584.

Consequently, since the federal court lacked subject matter jurisdiction over this dispute, the judgment of the district court dismissing the complaint was correct and we will affirm it.