90 F.3d 93
 152 L.R.R.M. (BNA) 2931, 132 Lab.Cas. P 11,630
 BEVERLY ENTERPRISES-PENNSYLVANIA, INC., d/b/a Stenton Hall
Nursing And Convalescent Home, Appellant,
v.
DISTRICT 1199C NATIONAL UNION OF HOSPITAL AND HEALTH CARE
EMPLOYEES, AFSCME, AFL-CIO; National Union Of
Hospital And Health Care Employees,
AFSCME, AFL-CIO.
 No. 95-2025.
 United States Court of Appeals,
Third Circuit.
 Argued June 6, 1996.
Decided July 29, 1996.
 
 1
 J. Freedley Hunsicker, Jr. (argued), Drinker, Biddle & Reath, Philadelphia, PA, Hugh L. Reilly, Chief Counsel for Labor and Employment, Beverly Enterprises, Ft. Smith, AR, for Beverly Enterprises-Pennsylvania, Inc. d/b/a Stenton Hall Nursing and Convalescent Home, Appellant.
 
 
 2
 Gail Lopez-Henriquez (argued), Freedman and Lorry, P.C., Philadelphia, PA, James B. Coppess, Washington, D.C., Marsha S. Berzon, Altshuler, Berzon, Nussbaum, Berzon and Rubin, San Francisco, CA, for District 1199C, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO and National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO, Appellees.
 
 
 3
 Before: BECKER and MANSMANN, Circuit Judges, and SCHWARZER*, Senior District Judge.
 
 OPINION OF THE COURT
 WILLIAM W SCHWARZER, Senior District Judge:
 
 4
 Beverly Enterprises-Pennsylvania, Inc., brought this action under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a) and (c)(2), for a declaration that the union security clause in its collective bargaining agreement violates Section 8(a)(3) of the National Labor Relations Act of 1935 (NLRA), 29 U.S.C. § 158(a)(3)[1]. The defendant unions are District 1199C of the National Union of Hospital and Health Care Employees and the National Union itself. The defendants are labor organizations and Beverly is an employer within the meaning of the NLRA, 29 U.S.C. § 152(2), (5). Beverly's complaint alleges that the clause is void and unenforceable under Communications Workers v. Beck, 487 U.S. 735, 108 S.Ct. 2641, 101 L.Ed.2d 634 (1988). Assuming subject matter jurisdiction, the district court dismissed for lack of standing by Beverly. We will affirm, but on a different ground.
 
 
 5
 Beck was an action brought by a group of employees against their union. The plaintiff employees alleged that the union had violated Section 8(a)(3), the duty of fair representation, and their First Amendment rights, by using dues paid by them under the compulsion of a union-security clause in the collective bargaining agreement for noncollective bargaining activities. The Supreme Court held that the Section 8(a)(3) claim "falls squarely within the primary jurisdiction of the [NLRA]," but that the "court was not precluded ... from deciding the merits of this claim insofar as such a decision was necessary to the disposition of respondents' duty-of-fair-representation challenge." Beck, 487 U.S. at 742-43, 108 S.Ct. at 2647. The Court noted that the employees were not trying to circumvent the primary jurisdiction of the Board, but were claiming that the union failed to represent their interest fairly by negotiating and enforcing an agreement not in their interests and explained: "The necessity of deciding the scope of § 8(a)(3) arises because [the unions] seek to defend themselves on the ground that the statute authorizes precisely this type of agreement." Id.
 
 
 6
 To put it most charitably, Beverly's claim turns Beck on its head. It does not invoke Section 8(a)(3) as a defense for its actions. Rather, it attempts to use it to attack the collective bargaining agreement which it negotiated with the unions. Putting aside the anomaly of an employer attacking the agreement it itself had negotiated, we hold the claim that the unions have violated Section 8(a)(3) falls squarely within the primary jurisdiction of the Board.
 
 
 7
 This Court's decision in Mack Trucks, Inc. v. International Union, UAW, 856 F.2d 579 (3d Cir.1988), makes clear that the district court lacked subject matter jurisdiction over this dispute. In that case, Mack brought a Section 301 action to enforce a collective bargaining agreement. Id. at 583. The Union disputed the existence of the agreement and, asserting that the issue fell under the primary and exclusive jurisdiction of the NLRB, challenged the court's jurisdiction to decide the dispute. Id. at 583-84. This Court held that Section 301 conferred jurisdiction on the district court to decide this particular contract issue--whether the contract existed--even if the Union's claim also constituted an unfair labor practice under the NLRA. Id. at 590. In reaching its decision, this Court distinguished cases holding that federal courts lacked Section 301 jurisdiction over challenges to contracts on the basis that they conflicted with the NLRA or some other external agreement. Id. at 589.
 
 
 8
 Mack does not confer jurisdiction here. Beverly's claim is not that no contract exists--the basis of Section 301 jurisdiction in Mack. Rather, Beverly claims that the contract is in part void and unenforceable because it violates the NLRA. This is exactly the type of situation that Mack makes clear does not fall under the Section 301 jurisdiction of the federal courts. Id. at 584.
 
 
 9
 Consequently, since the federal court lacked subject matter jurisdiction over this dispute, the judgment of the district court dismissing the complaint was correct and we will affirm it.
 
 
 
 *
 Honorable William W Schwarzer, Senior United States District Judge for the United States District Court for the Northern District of California, sitting by designation
 
 
 [1]
 Section 8(a)(3) makes it an unfair labor practice for an employer "by discrimination in regard to hire or tenure of employment ... to encourage or discourage membership in any labor organization...."