

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-1997

# Local 787 v. Textron Lycoming

Precedential or Non-Precedential:

Docket 96-7261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Local 787 v. Textron Lycoming" (1997). *1997 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 7, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-7261

UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,
INTERNATIONAL UNION AND ITS LOCAL 787,
APPELLANT

v.

TEXTRON LYCOMING RECIPROCATING ENGINE
DIVISION, AVCO CORP.,
APPELLEE

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 95-cv-01918)

Argued: JANUARY 30, 1997

Before: BECKER, ROTH, Circuit Judges,
BARRY, District Judge.*

(Filed: July 7, 1997)

_____

*Honorable Maryanne Trump Barry, United States District Judge for the
District of New Jersey, sitting by designation.

JORDAN ROSSEN, ESQUIRE
General Counsel
International Union, United
 Automobile Aerospace and
 Agricultural Implement
 Workers of America, UAW
8000 East Jefferson Avenue
Detroit, Michigan 48214

STEPHEN A. YOKICH, ESQUIRE
(ARGUED)
Associate General Counsel
International Union, United
 Automobile Aerospace and
 Agricultural Implement
 Workers of America, UAW
1757 "N" Street, NW
Washington, DC 20036

Attorneys for Appellant

BARRY SIMON, ESQUIRE (ARGUED)
GARY M. TOCCI, ESQUIRE
Schnader, Harrison, Segal, & Lewis
1600 Market Street, Suite 3600
Philadelphia, PA 19103

CHARLES J. McKELVEY, ESQUIRE
McNerney, Page, Vanderlin & Hall
433 Market Street
P.O. Box 7
Williamsport, PA 17703

Attorneys for Appellee

**OPINION OF THE COURT**

BECKER, Circuit Judge.

This is an appeal by the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") and its Local 787 from the district court's order dismissing its complaint against defendant Textron Lycoming

2

Reciprocating Engine Division, Avco Corp. ("Textron"), for lack of subject matter jurisdiction under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). The district court found that the UAW's suit, which seeks a declaration that the collective bargaining agreement between the parties is voidable because it was secured by fraud in the inducement, was not a "[s]uit for violation of [a] contract[ ] between an employer and a labor organization representing employees" within the meaning of § 301(a).

The UAW's appeal requires us to consider the scope of § 301(a) and our decision in Mack Trucks, Inc. v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 856 F.2d 579 (3d Cir. 1988). In that case, Mack Trucks sought a declaratory judgment that the collective bargaining agreement between it and the UAW was valid and enforceable, after the UAW had threatened to declare that there was no agreement between the parties. We held that § 301(a) conferred subject matter jurisdiction, finding that Mack Trucks' suit was a "suit for violation of[a] contract[ ]." Id. at 588.

In urging us to affirm the district court's order in this case, Textron contends that the suit filed by the UAW, here the party seeking to establish jurisdiction, can be distinguished from Mack Trucks in two respects. First, Textron points out that, while the very existence of the collective bargaining agreement was at issue in Mack Trucks, the UAW here acknowledges the existence of the agreement, and rather seeks a declaration that the collective bargaining agreement between the parties is voidable because it was secured by fraud in the inducement. Second, while in Mack Trucks the plaintiff wished to enforce the collective bargaining agreement, the UAW here seeks the power to repudiate the agreement, and Textron contends that § 301(a) does not supply jurisdiction under such circumstances. Because we disagree with Textron and conclude that the UAW's suit is a suit for violation of a contract under § 301(a) and Mack Trucks, we reverse.

3

I.

The complaint pleads the following facts which, since we deal with a motion to dismiss, we must take as true. The UAW represents employees at Textron's Williamsport, Pennsylvania plant, at which the company manufactures and assembles aircraft engines. This dispute arose from the collective bargaining agreement between the parties that covered the period from April 1, 1994 to April 1, 1997 and, more specifically, the negotiations that produced that agreement. Prior to the commencement of negotiations, the UAW submitted to Textron a request for information to aid it in its preparations for the negotiations. One section of the request asked whether Textron planned to subcontract out any of the work that was being done by the UAW members at the plant. The request specifically demanded any written documents that Textron had prepared on the subject of subcontracting. The UAW twice repeated this request. Prior to the negotiations, Textron never disclosed any information about plans to move bargaining unit work.

At the opening of the negotiations, the UAW renewed its request that Textron disclose any plans to contract out the work. Textron's vice-president for human resources, Frank Ratchford, stated that he had no knowledge of any plans for subcontracting, and also promised to make sure that his knowledge was complete. Neither Ratchford nor any other Textron official raised this issue again during negotiations. The parties reached a collective bargaining agreement in March 1994, which was ratified by the UAW membership at the beginning of April 1994.

The UAW's complaint alleges that, during the negotiations, Textron developed a plan to subcontract certain bargaining unit work at the plant, but never disclosed it to the UAW. According to the UAW's submission, the plan was presented to and approved by Textron's Board of Directors after the UAW membership ratified the collective bargaining agreement. The membership learned of the plan in June 1994.

The UAW alleges that about half of the union's members at the plant will lose their jobs as a result of Textron's subcontracting plan. It also represents that it would have

4

used a different bargaining strategy had it known of the company's subcontracting plan. Instead, relying on the company's denial of any such plan, the union made no contract demands relating to the issue and did not pursue its request for information on the subject. More specifically, the union represents that it would not have agreed to the "no-strike" provision in the collective bargaining agreement had it known of the subcontracting plan.

The UAW's complaint in the District Court for the Middle District of Pennsylvania sought a declaratory judgment that the collective bargaining agreement was voidable at the UAW's option because it was secured by fraud in the inducement. The UAW relied on § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), for subject matter jurisdiction. Textron moved to dismiss the complaint on two grounds: (1) § 301(a) failed to confer subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), because the National Labor Relations Board ("NLRB") has exclusive jurisdiction over the UAW's claims of bad faith bargaining; and (2) the UAW failed to state a claim for relief that could be granted, Fed. R. Civ. P. 12(b)(6), because it had failed to exhaust the grievance process available under the collective bargaining agreement.

The district court granted Textron's motion based on the first ground, and, accordingly, did not reach the second question. The court first concluded that the UAW sought neither to enforce its rights under the collective bargaining agreement nor to show that a collective bargaining agreement existed; rather, the UAW had requested only a declaration that Textron had violated its duty to bargain in good faith under § 8 of the National Labor Relations Act ("NLRA") in negotiating the agreement. Having so characterized UAW's suit, the district court found that it lacked jurisdiction under § 301, and that the case was within the exclusive jurisdiction of the NLRB.

Moreover, the court reasoned that, while we held in Mack Trucks that a district court has jurisdiction to determine whether a collective bargaining agreement exists, that holding was "based on the principle that a district court may enforce the parties' rights under a CBA, but may not reach a claim which is independent of the contract." The

5

court found that the UAW's claim was independent of the terms of the contract. It concluded finally that, "[i]n no way can UAW's claim be classified as one for `violation of [a] contract[ ] between an employer and a labor organization' under § 301(a)." Order at 6.

The UAW appeals, contending that the district court erred in concluding that § 301(a), as interpreted by our decision in Mack Trucks, does not confer jurisdiction over its suit. Our review of the order dismissing the complaint is plenary. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044 (3d Cir. 1993).

II.

This case requires us to examine again the relationship between the jurisdiction of the NLRB and that of the federal district courts over labor cases. As we explained in Mack Trucks, 856 F.2d at 584-85, under the preemption doctrine of San Diego Building Trades Council v. Garmon, 359 U.S. 236, 245 (1959), "[w]hen an activity is arguably subject to § 7 or § 8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board."[1] The purpose of the Garmon preemption doctrine is both to ensure the uniform development of substantive labor law rules and to entrust the development of those rules to an administrative agency with particular labor law expertise. See Vaca v. Snipes, 386 U.S. 171, 178-81 (1967); Mack Trucks, 856 F.2d at 584.

This doctrine, however, "has never been rigidly applied to cases where it could not fairly be inferred that Congress intended exclusive jurisdiction to lie with the NLRB." Vaca, 386 U.S. at 179. In § 301(a) of the Labor Management Relations Act, Congress "carved out" such an exception to the exclusive jurisdiction of the NLRB over cases arguably subject to § 7 or § 8 of the NLRA. Id. This section provides:

_____

1. Section 7 of the NLRA concerns the right of employees to organize and to engage in collective bargaining, 29 U.S.C. § 157, and § 8 prohibits both employers and unions from committing "unfair labor practices" as defined in the statute, id. § 158.

6

"Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction over the parties." 29 U.S.C. § 185(a). Hence, a federal district court has jurisdiction over suits "for violation of contracts between an employer and a labor organization representing employees" under § 301(a) even if the claimed harm may arguably constitute an unfair labor practice under the NLRA. Under these circumstances-- when the challenged practice both violates the collective bargaining agreement and is arguably subject to the NLRA -- the federal district courts and the NLRB are said to share "concurrent jurisdiction" over the suit. Mack Trucks, 856 F.2d at 585. In other words, the NLRB retains exclusive jurisdiction over a claim only when the challenged conduct is an unfair labor practice that is not also subject to § 301(a) jurisdiction.

The purpose of § 301(a) was to encourage the judicial enforcement of collective bargaining agreements. In enacting § 301, Congress recognized the importance, for promoting industrial peace, of " `assuring the enforceability of [collective bargaining agreements]' in the courts." Id. at 587 (quoting Dowd Box Co. v. Courtney, 368 U.S. 502, 509 (1962)). Moreover, § 301 "authorizes federal courts to fashion a body of law for the enforcement of . . . collective bargaining agreements," Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 451 (1957), and, accordingly, encourages the development of a such a body of law. As the Supreme Court has explained, "[t]he strong policy favoring judicial enforcement of collective-bargaining contracts was sufficiently powerful to sustain the jurisdiction of the district courts over enforcement suits even though the conduct involved was arguably or would amount to an unfair labor practice within the jurisdiction of the National Labor Relations Board." Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562 (1976).

III.

In Mack Trucks, we considered whether § 301(a) supplied subject matter jurisdiction over suits about the very existence of a collective bargaining agreement, or whether

7

that section was limited to suits that posited the existence of the agreement and merely alleged a breach of that agreement. The UAW and Mack Trucks had reached an oral agreement about the terms of a collective bargaining agreement. While the parties were negotiating contract language to reflect the oral agreement, the UAW filed a grievance alleging that Mack Trucks had unilaterally implemented changes to that agreement. Soon after, the union threatened that, unless the parties settled their disputes and executed a written agreement within a certain period of time, it would declare the agreement void. 856 F.2d at 582-83. Mack Trucks filed suit in federal district court pursuant to § 301(a) seeking a declaratory judgment that the new collective bargaining agreement was valid and enforceable.

The UAW, in that case challenging § 301(a) jurisdiction, responded that the court lacked jurisdiction because the suit did not concern a contract claim, but rather implicated only the duties under the NLRA to bargain collectively and in good faith and to reduce the terms of an oral agreement to writing, which are subject to the exclusive jurisdiction of the NLRB. We rejected this argument, noting that even if a suit is subject to the NLRB's jurisdiction, we must determine whether it is also subject to § 301(a) jurisdiction. We found further that Mack Trucks' suit did not turn "solely on violations of good faith bargaining, or the duty to execute an agreement . . . which would trigger the NLRB's exclusive jurisdiction." Id. at 586 (citations omitted and emphasis added).

We then addressed the central question, whether "suits for violation of contracts" included suits concerning the validity of a labor agreement, or whether § 301(a) jurisdiction was limited to suits alleging violations of particular contractual provisions in an existing collective bargaining agreement. We noted that several courts of appeals have limited jurisdiction to suits alleging a breach of a particular provision of a collective bargaining agreement. See A.T. Massey Coal Co. v. International Union, United Mine Workers of America, 799 F.2d 142, 146 (4th Cir. 1986); NDK Corp. v. Local 1550 of Commercial Workers Int'l Union, 709 F.2d 491, 492-93 (7th Cir. 1983);

8

Hernandez v. National Packing Co., 455 F.2d 1252, 1253
(1st Cir. 1972).

Because § 301(a) "is not free from ambiguity, we
interpret[ed] § 301(a) in light of its legislative history,
congressional intent, and underlying policies." Mack Trucks,
856 F.2d at 586. In view of these sources, we first
concluded that limiting § 301(a) jurisdiction to suits that
presume the existence of a labor contract "ignores
Congress' broader concern that the courts -- as opposed to
the NLRB -- be granted authority to decide disputes of a
contractual nature." Id. at 588. We held that:

When, as here, a party seeks enforcement of a labor
agreement, and the other party denies the contract's
existence, the filing party's declaratory judgment action
constitutes an `enforcement' action. Congress intended
that contractual disputes be resolved by the courts
applying `usual processes of the law.' These principles
of law apply equally to cases involving breach of an
acknowledged contract and those involving a dispute
over the agreement's existence.

Id. (citation omitted). In so holding, we distinguished prior
cases in which we had found no § 301 jurisdiction on the
ground that the claims in those cases were each somehow
independent of the collective bargaining agreement. Id. at
589. For example, in one case, the plaintiffs claimed that
their collective bargaining agreement conflicted with a pre-
agreement contract of hire. See Leskiw v. Local 1470, Int'l
Bhd. of Elec. Workers, 464 F.2d 721 (3d Cir. 1972); see also
Adams v. Budd, 349 F.2d 368 (3d Cir. 1965); Medlin v.
Boeing Vertol Co., 620 F.2d 957 (3d Cir. 1980).

IV.

A.

The UAW, back before us and this time trying to
establish jurisdiction, contends that § 301(a) confers federal
jurisdiction over its complaint, characterizing Mack Trucks
as holding that § 301(a) jurisdiction exists for suits
involving questions about the enforceability of a collective

9

bargaining agreement. Textron responds that the district court properly dismissed the UAW's complaint for lack of subject matter jurisdiction under § 301(a) and Mack Trucks. First, Textron points out that Mack Trucks dealt with whether a collective bargaining agreement actually existed between the parties. Because the UAW's claim here is that the collective bargaining agreement is voidable (but not void) because it was secured by fraud in the inducement, and the UAW has acknowledged the existence of the agreement, Mack Trucks does not, Textron submits, compel the conclusion that § 301(a) confers jurisdiction. Second, even if Mack Trucks establishes § 301(a) jurisdiction for some suits that concern the enforceability of a collective bargaining agreement, the argument continues, § 301(a) supplies jurisdiction only when a party seeks to enforce a collective bargaining agreement but not when a party seeks to repudiate one, as in this case.

We agree with the UAW, and conclude that § 301(a), as interpreted by Mack Trucks, confers jurisdiction over the UAW's fraudulent inducement suit. Taking up first Textron's contention that Mack Trucks does not supply jurisdiction when the plaintiff seeks to repudiate the agreement, we believe that the language of Mack Trucks itself -- that a suit "involving a dispute over the agreement's existence" is subject to § 301(a) jurisdiction -- compels the result that a party challenging an agreement's existence can establish § 301(a) jurisdiction.2

Moreover, in Mack Trucks, we distinguished a case in which the Fourth Circuit held, in a consolidated appeal, that § 301(a) supplied jurisdiction over a union's suit for a declaration that an existing collective bargaining agreement applied to particular employers, but not to an employer's suit challenging the existence of that agreement. See A.T. Massey Coal Co., 799 F.2d at 146. We stated that this "view fails to articulate a legal basis to justify jurisdiction in the

_____

2. We acknowledged as much recently when we stated that the "basis of Section 301 jurisdiction in Mack" was a claim that "no contract exist[ed]." Beverly Enterprises--Pennsylvania, Inc. v. District 1199C National Union of Hospital and Health Care Employees, 90 F.3d 93, 95 (3d Cir. 1996).

10

union case, but not in the employer's case." <u>Mack Trucks</u>, 856 F.2d at 588 n.10.

Additionally, we see no reason why the rationale behind <u>Mack Trucks</u> -- that by enacting § 301(a) Congress intended that the courts resolve disputes of a contractual nature, including disputes over the agreement's very existence -- does not also apply when the party who files suit seeks a declaration that the agreement is not enforceable. Our conclusion is buttressed in policy terms by the UAW's argument that jurisdiction lies in this case because the union would have raised the fraudulent inducement claim as an affirmative defense had it refused to abide by the collective bargaining agreement and Textron hadfiled suit under § 301 to enforce it: the development of a consistent body of law in this area depends, in part, on federal court jurisdiction over all claims of a contractual nature, no matter who first resorts to court.

Textron also seeks to distinguish between suits concerning the <u>existence</u> of an agreement and those concerning its <u>enforceability</u>. As the foregoing discussion suggests, we do not believe that there is any difference under <u>Mack Trucks</u> between suits about the existence of a collective bargaining agreement, i.e., seeking declaratory judgment that the agreement is <u>void</u>, and suits, like this one, about the enforceability of a collective bargaining agreement, i.e., seeking declaratory judgment that an agreement is <u>voidable</u> at the will of that party. The UAW's suit clearly arises from a contractual dispute: a dispute about whether a contract was secured by fraudulent inducement is as much a contract dispute as a dispute about a contract's existence. As we explained in <u>Mack Trucks</u>, Congress intended that such suits be"resolved by the courts applying `usual processes of the law.' " <u>Mack Trucks</u>, 856 F.2d at 588.

The Ninth Circuit has already held that § 301(a) confers jurisdiction over fraudulent inducement claims. <u>See</u> <u>Rozay's Transfer v. Local Freight Drivers</u>, 850 F.2d 1321, 1326 (9th Cir. 1988) ("Section 301 . . . applies not only to suits for breach of a collective bargaining agreement once it is duly formed, but also to suits impugning the existence and validity of a labor agreement, including those alleging

11

improper conduct or mistake during the formation of the agreement." (citations omitted)); International Bhd. of Teamsters v. American Delivery Serv. Co., 50 F.3d 770, 773-74 (9th Cir. 1995).

For the foregoing reasons, we conclude that § 301(a) supplies jurisdiction over the UAW's suit alleging that Textron secured the collective bargaining agreement between the parties by fraud in the inducement.

B.

We are also unpersuaded by Textron's contention that the UAW's suit does not give rise to § 301(a) jurisdiction because it arises from pre-contract rights, that is, rights that are "independent" of the collective bargaining agreement. It bases this conclusion on its understanding that the UAW's claims stem from the negotiation of the agreement, not from an alleged violation of the terms of the agreement itself, and as such, allege only a violation of the duty to bargain in good faith under the NLRA. In making this argument, Textron relies on several cases which we distinguished in Mack Trucks, see 856 F.2d at 589, in which we held that § 301(a) did not provide jurisdiction. See Medlin v. Boeing Vertol Co., 620 F.2d 957 (3d Cir. 1980); Leskiw v. Local 1470, Int'l Bhd. of Elec. Workers, 464 F.2d 721 (3d Cir. 1972); Adams v. Budd Co., 349 F.2d 368 (3d Cir. 1965). In essence, Textron contends that the UAW's claim is more akin to the pre-Mack Trucks cases than it is to the suit in Mack Trucks.

In Adams, the plaintiffs, employees subject to a collective bargaining agreement, sought jurisdiction under § 301(a) to press the claim that the union and Budd had conspired, in negotiating the collective bargaining agreement, to deprive them of rights contained in their pre-collective bargaining agreement "contracts of hire." Recognizing that these plaintiffs did not allege a violation of the collective bargaining agreement, but rather a "violation by a labor contract of rights which they assert were independently, and pre-agreement, vested in them by their `contract of hire,' " we held that the plaintiffs had not established § 301(a) jurisdiction. Adams, 349 F.2d at 370; accord

12

Leskiw, 464 F.2d at 723; see also Medlin, 620 F.2d at 962 (refusing to exercise jurisdiction under § 301(a) where the plaintiffs' claims were based on rights independent of the collective bargaining agreement: "[T]hese were not rights arising in any way under the collective bargaining agreement.").

We disagree with Textron, because the UAW's suit is not akin to the pre-Mack Trucks cases. As we characterized them in Beverly Enterprises, those cases held "that federal courts lack Section 301 jurisdiction over challenges to contracts on the basis that they conflicted with the NLRA or some other external agreement." Beverly Enterprises -- Pennsylvania, Inc. v. District 1199C National Union of Hospital and Health Care Employees, 90 F.3d 93, 95 (3d Cir. 1996) (affirming dismissal of a complaint where the plaintiff sought only a declaration that a clause in the collective bargaining agreement violated § 8(a)(3) of the NLRA). We thus reject Textron's contention that the plaintiffs in Adams failed to establish § 301(a) jurisdiction because their claim turned solely upon adverse effects arising from the negotiation of the collective bargaining agreement. While we agreed with the defendant union's argument in Adams that the suit had to do with the negotiation of the agreement rather than whether the agreement had been breached, see Adams, 349 F.2d at 369, our conclusion that § 301(a) did not confer jurisdiction was based on the fact that the plaintiffs' suit alleged a violation of their rights contained in a pre-agreement contract, not on the fact that the plaintiffs' claim concerned the negotiations rather than the collective bargaining agreement itself.

Contrary to the pre-Mack Trucks line of cases, the UAW's claim that the collective bargaining agreement was secured by fraud in the inducement arises not out of the NLRA or another contract, but out of the collective bargaining agreement itself. The claim alleges flaws in the basic formation of the collective bargaining agreement, and its resolution is integral to the question whether the agreement is enforceable. In other words, Textron's allegedly fraudulent conduct goes to the heart of the enforceability of the collective bargaining agreement between the parties.

13

Thus, the UAW is seeking to enforce rights that exist under the collective bargaining agreement.

In short, the claim here can be adjudicated without consideration of rights possessed by the parties under any other agreement or the NLRA. As such, this case clearly does not fall within the pre-Mack Trucks line of cases. Hence, even if the UAW's claim could arguably constitute an unfair labor practice under § 7 or § 8 of the NLRA, the UAW's claim is not solely a claim under the NLRA, and is subject to the concurrent jurisdiction of both the federal district courts and the NLRB.3

The order of the district court dismissing the complaint for lack of subject matter jurisdiction will be reversed and the case remanded for further proceedings.4

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

_____

3. In this regard, we note that it is not clear that the NLRB actually would have jurisdiction over the UAW's fraudulent inducement claim. According to the UAW, the duty to bargain in good faith under §§ 8(a)(5) and 8(d) of the NLRA is qualitatively different from its fraud in the inducement claim. While the claims of bad faith bargaining and of fraudulent inducement may overlap both factually and legally, they are not identical.

4. Textron has also argued that the UAW's complaint must be dismissed because the union failed to exhaust the grievance procedures contained in the collective bargaining agreement before filing suit. The district court did not reach this issue when it dismissed the complaint, and should do so on remand.

14